CHAFFIN *et al. v.* HULL *et al.*

(*Circuit Court, E. D. Missouri, E. D.* September 26, 1889.)

**1. EQUITY PLEADING—MULTIFARIOUSNESS.**

In a proceeding in which a deed which conveyed a life-estate to grantee with remainder to her heirs, but which intended to convey the fee-simple to the grantee, was corrected, the heirs were not parties. Subsequently the land was conveyed in fee by the grantee to complainants' ancestor, who made several attempts to obtain releases from the heirs, the grantee having died, all of which was well known to his agent, one of the defendants, who managed the property, and after said ancestor's death continued to occupy the same confidential relations to complainants; said defendant entered into a conspiracy with two others, and procured deeds from the heirs for their respective interests to one of said conspirators, and by collusion procured the dispossession of complainants. The bill, after alleging these facts, prayed the court to adjudge that the decree reforming the deed concluded the heirs, and operated with the subsequent conveyance to complainants' ancestor to vest the full legal title in them; or that it might decree a reformation of that deed, making it operative as a transfer of the fee; or that the court might decree that the transactions between said defendant and his co-conspirators were in breach of the fiduciary relations existing between him and complainants, and that the title thereby acquired was acquired in trust for complainants. *Held,* that the bill was not multifarious.

**2. SAME—PARTIES.**

In such an action, the grantor and grantee's trustee in the corrected deed are not indispensable parties.

In Equity. On demurrer to bill.
*Cunningham & Eliot*, for complainants.
*Taylor & Pollard* and *Joseph S. Laurie*, for defendant.
Before BREWER and THAYER, JJ.

BREWER, J. This is on a demurrer to the amended bill. The facts as alleged are these: In 1840, one William Myers was the owner of the property in question. For a consideration of $4,000 paid by Elijah Curtis, a deed was executed by Myers and wife to one Samuel Russell in trust for Mrs. Curtis. The deed, as drawn and executed, vested a life-estate in Mrs. Curtis, and the remainder in her right heirs. It was so drawn and executed through a mistake of the draughtsman; the intent of all the parties being that the fee should be vested, and not a life-estate, and that Russell, who so held the title as trustee for Mrs. Curtis, could with his *cestui que trust* convey the fee. After the deed had been so executed and recorded, and, in 1843, the mistake having been discovered, proceedings were had in the circuit court of St. Louis county to correct that deed. A decree was entered that it be reformed so as to express the intent of the parties, and vest a fee instead of a life-estate. To that proceeding Mr. and Mrs. Curtis, Mr. Russell, the trustee, and Mr. and Mrs. Myers, the grantors, were parties. The heirs of Mrs. Curtis were not made parties. By subsequent conveyances the title, vested in Mrs. Curtis and Mr. Russell, her trustee, passed to one Edward Chaffin in 1850. He entered, took possession, and remained in possession until his death in 1883. Thereafter the present complainants holding under his will took possession and retained it until 1886. Mr. Curtis, the husband of Mrs. Curtis, the party who paid the money, died in 1843, but Mrs. Curtis lived until 1884, when she died, leaving no children. Mr. Chaffin during his possession became aware of the fact that, inasmuch as the heirs of Mrs. Curtis were not made parties to that decree of reformation, they had at least an apparent title to the remainder. During the years of his possession, at least during the last few years of his possession, he himself having removed to Massachusetts, he employed Leon L. Hull, one of the defendants, as his agent to look after the property, to pay taxes and insurance, to rent the property, and have general charge thereof as his agent. During the years of that relationship he communicated to Mr. Hull his doubts as to the completeness of his title as disclosed by the record, and made several efforts, through him, to ascertain the residence and names of the right heirs of Mrs. Curtis, with a view of obtaining from them releases of their apparent title to the remainder. Mr. Hull was fully possessed of information in this respect from Mr. Chaffin, his principal. On the death of Mr. Chaffin, these complainants, finding Mr. Hull in possession as agent, continued him in that position, and he assumed the same confidential relations to them that he had had to Mr. Chaffin. After the death of Mrs. Curtis, in 1884, Mr. Hull, the agent, conspiring with one William Clark and one Samuel Hermann, proceeded to hunt up the right heirs of Mrs. Curtis and obtain deeds from them, the deeds being made to William

Clark, one of the conspirators, of their respective interests in the remainder. While apparently continuing as the agent and representative of these complainants, in pursuance of this conspiracy, he caused legal proceedings to be instituted, which, being carried on collusively, terminated in the dispossession by the defendants of these complainants, and the transfer of possession to Clark, one of the conspirators. This was accomplished in 1886. The charge is that these arrangements and transactions between Clark, Hull, and Hermann were a part of a conspiracy, and were a breach of the trust relations existing between the complainants and Hull. All these facts being stated in the bill, the prayer is that this court shall decree that the decree of the St. Louis circuit court reforming that deed concludes the right heirs of Mrs. Curtis, and operated to vest the full legal title in Mrs. Curtis and her trustee, and these complainants claiming under her; or, if the court cannot so decree, that it now decree a reformation of that deed, correcting the mistake, and making the deed to-day operative as a transfer of the fee, and therefore cutting off all interests in the remainder in the heirs of Mrs. Curtis or their grantees; or, failing that, that the court decree that the transactions by which Leon L. Hull, with his co-conspirators, obtained the legal title to the remainder were in breach of the fiduciary relations existing between Hull and the complainants, and therefore that the title which they acquired was acquired in trust for the complainants. To that bill a demurrer has been filed, and the first proposition of the defendants is that the bill is multifarious, in that it rests first upon a title obtained by a correction of the deed, a source of title of necessity implying that the right heirs never had any actual equitable right or interest in the remainder, and that the deeds from them to the conspirators, (defendants,) while apparently conveying the full title, in fact transferred only the naked legal title, the real equitable interest all the while being in these complainants; while, on the other hand, it makes as a basis of relief a claim that, the full legal and equitable title having passed by that deed to the right heirs, these conspirators acquired that title in fraud of fiduciary obligations to complainants, and therefore in trust for them. There is thus an apparent antagonism between the two claims,—one resting upon the proposition that the right heirs had no equitable interest and title to the remainder, and the other that they did have full equitable as well as legal title. My Brother THAYER and I had a very pleasant discussion of that question yesterday afternoon, in which we examined the authorities at great length. Distinct and independent causes of action cannot be conjoined in the same suit; and yet it has been said by the supreme court, and is the voice of many authorities, that no fixed rule can be laid down as to the matter of multifariousness; that each case must stand upon its peculiar facts, and while independent causes must not be joined in one bill, neither should a defendant be unnecessarily burdened with two suits.

Now in this cause the complainants are all interested in the one result; the defendants also are all jointly interested. There is no difference of interest between any two of the complainants or any two of the defend-

ants. The ultimate result sought to be reached by the bill upon whichever claim it may be obtained is the same, to-wit, a decree that the complainants are the owners of the full equitable title; that the defendants hold the legal title, and hold that title in trust for the complainants, and ought to be divested of it, and ought to surrender possession, and ought to account for rents and profits. So, there being a unity of interest in the parties complainant and the parties defendant, a single property the subject-matter of litigation, and a single ultimate purpose the object of the suit, we have concluded that in the interests of justice and equity, and a speedy settlement of the title to that property, the court is justified in holding that the bill is not multifarious. It is a part of the prayer of the bill that this court shall decree that that decree in the St. Louis circuit court binds the right heirs of Mrs. Curtis, and operates as against them and these defendants to vest the full title in complainants. We are clearly of the opinion that that decree did not so operate; that the court cannot so decree. They were not parties to it, and whatever title the heirs had, they acquired not through Mrs. Curtis, but as purchasers. It is no objection to a bill in equity that it has what is called a double aspect; that is, asking one relief, and, failing that upon the facts stated, another relief.

So far as the special objection is made that indispensable parties are not before the court, to-wit, Myers, the grantor of the deed of 1840, Russell, the trustee, and the heirs of Mr. Curtis, it is enough to say that they are not indispensable parties. They were parties or in privity with parties to that proceeding in the state court, and by that decree all their rights, and all claims that they might have adverse to the claim of complainants, were settled and determined.

It is also alleged in this bill that a suit is pending in the state court, and the prayer is that this court enjoin the prosecution of that suit. That question has already been determined by Judge THAYER, who held that this court would not interfere with that prior suit, and with that ruling I have no disposition to differ.[1]

I think that is all that I need say. The demurrer to the bill will be overruled, and defendants will be given until the November rules to answer.

THAYER, J. In this matter I desire to say in my own behalf that the bill unquestionably states two distinct grounds for equitable relief. In the first place complainants seek to establish their title and right to the possession of a certain piece of property by the reformation of a deed under which defendants claim and hold possession. In the second place, they charge the defendants with having acquired the title which they now hold by acts that were constructively fraudulent, and on that ground they ask a decree adjudging that the defendants hold the property as trustees for the complainants. Because complainants seek relief on two distinct and independent equitable grounds, the bill under some circum-

_____
[1] No opinion filed.

stances might be adjudged multifarious. But it is apparent that the parties proceeded against are proper parties to the bill considered in either aspect, and that none of the defendants can say that they are called upon to answer charges in which they have individually no concern.

Furthermore, while two grounds of relief are stated, yet the relief sought in each instance affects the title to one and the same piece of property, and concerns all of the defendants. If we should hold the bill to be multifarious, and compel the complainants to elect on which ground they will stand and proceed to trial, I can see no reason why they might not file a second bill, if defeated on the first, alleging in such second suit the same cause of action that we compel them to abandon in this. Defendants must, in any event, as it appears to me, meet the averments of the bill in both of its aspects, either in this suit, or in another suit.

If the bill is retained in its present form, I cannot see that it will occasion any confusion in putting in the proofs, or interfere with the orderly conduct of the trial, or put the defendants to any disadvantage. If it shall appear that the form of the bill has enhanced the costs unnecessarily, we can easily regulate that matter by appropriate orders at the conclusion of the case. Inasmuch as it is largely discretionary with the court whether it will permit two or more independent grounds of equitable relief to be stated in the same bill, and inasmuch as courts are very much governed in the exercise of that discretion by considerations of convenience, I think that for the reasons thus briefly outlined we are justified in holding that different grounds of relief have not been improperly united in the present case, and that the bill is not multifarious.