HALSEY v. GODDARD et al.

RUIZ et al. v. SAME.

(Circuit Court, D. Rhode Island. March 18, 1898.)

1. CONSTRUCTION OF TRUST—CONDITIONAL REMAINDER.

Testator left his estate in trust for his daughter during her life, the will providing that at her death the trustee should convey and pay over certain estates, and the one-half part of the residue of the estate then in their hands to his eldest son "if he shall have arrived at the age of twenty-one years, and have complied with the conditions hereinafter expressed." The conditions referred to were that he "shall, within five years after being notified of my decease, have his permanent residence in the United States, and adopt the name of H." The will further provided: "The other half part of all the rest, residue," etc., "then in the hands of said trustees, I hereby order and direct said trustees to pay over and convey in fee simple to the other children of my said daughter, living at the time of her decease." *Held*, that testator fixed the death of his daughter as the time for the division of his estate, and at that time a remainder will vest in her eldest son, contingent upon the previous performance of the conditions named, and a remainder will vest in the other children, absolutely without condition.

2. REMAINDERS—PERPETUITIES—EXECUTORY DEVISE.

Where, as to a devise over, a testator has expressed with clearness one limitation to take effect at a period far within the lawful limits, it will be held good as a remainder, though an alternative disposition be objectionable as an executory devise, on the ground of remoteness.

3. EQUITY PLEADINGS—ALTERNATIVE RELIEF—MULTIFARIOUSNESS.

A bill is not multifarious because it alleges two alternative grounds upon which complainants may be entitled to an estate; nor because some of the defendants may not be interested in all the questions that may arise in the suit.

Coudert Bros. and Edwards & Angell, for complainants.

Hayes, Wright, Ives, Tillinghast, Smith & Tillinghast, for defendants.

BROWN, District Judge. The various demurrers to these bills in equity have been argued together. The chief question is: Are the trusts declared by the will of Thomas Lloyd Halsey, under which the complainants claim a conveyance from the trustees, invalid for violation of the rule against perpetuities? The complainants rely upon the following provisions of the will:

"At the decease of my said daughter, Maria Louisa Andrea Del Valle (or De Valle), if she shall have left lawful male issue, I hereby order and direct said trustees to pay over and convey in fee simple to the eldest son of my said daughter living at the time of her decease, if he shall have arrived at the age of twen-

ty-one years, and have complied with the conditions hereinafter expressed, my said estate in Seekonk, called 'Hauterive,' my mansion estate in Providence, formerly the residence of my father, and one-half part of all the rest, residue, and remainder of the real estate and personal property then in their hands and possession as trustees." "But, if the eldest son of my said daughter living at the time of her decease shall not at that time have arrived at the age of twenty-one years, then so much of the rents, income, and profits of the said described estates and property shall be paid over to him during his minority, by said trustees, as they shall think proper for his support, and the estates and property, with the increase thereof, if any, be paid over and conveyed to him as aforesaid when he shall have arrived at the age of twenty-one years." "The other half part of all the rest, residue, and remainder of the real estate and personal property then in the hands and possession of said trustees I hereby order and direct said trustees to pay over and convey in fee simple to the other children of my said daughter, living at the time of her decease, to be divided among them equally, share and share alike."

The conditions with which the eldest son must comply, and upon which the respondents base their contention against the validity of the trusts, are found in the following clause of the will:

"Provided, however (as it is my earnest wish and intention that the eldest son or other child or children of my said daughter, to whom the said estate called 'Hauterive,' the mansion estate, and the one-half part of the remainder of the real estate and personal property shall be finally paid over and conveyed by said trustees, as aforesaid, shall reside in the United States, and adopt and use the name of Halsey), the said two estates and half part of remaining property shall not be finally paid over and conveyed by said trustees to the male or female issue of my said daughter as in this my will before provided, unless such child or children of my said daughter, to whom the same would be paid over and conveyed according to the provisions of this my will, shall, within five years after being duly notified of my decease, have his, her, or their permanent residence in the United States, and adopt and use the name of Halsey."

The bill of Pedro Del Valle Halsey alleges that the life estate of the testator's daughter, Maria Louisa Del Valle, terminated by her decease, on July 29, 1895; that the complainant is her eldest son, and was at her decease more than 21 years old; that the testator died in February, 1855; that within five years of notification of the death of the testator, to wit, in 1855, he established his permanent residence in the United States, and adopted the name of Halsey. It is thus apparent that the estate which the complainant, Pedro Del Valle Halsey, seeks to establish, vested in him, if at all, within the lawful limits, since his right must have existed immediately upon the decease of his mother. It is contended, however, by the respondents that the testator intended and provided by his will that the estate should remain in the hands of the trustees until the complete performance of the conditions; that the point of time when the conditions begin to run is that when the eldest son surviving Mrs. Del Valle "is duly notified" of the testator's decease; and that the notification is a condition that, by the terms of the will, need not necessarily be performed within the period of 21 years after the death of Mrs. Del Valle. It is further claimed that these conditions attach also to the gift of "the other half part" to the "other children," and that, in consequence, the sisters of Pedro, who by their bill claim the other half, have no title under the will.

We will, for convenience, consider first whether any condition attaches to the gift to the "other" or the second half of the residue. The argument upon this branch of the case is that the "other children"

cannot be ascertained, or may not be ascertained, until it is determined who shall receive the first half; in short, that the words "other children" mean the children other than the one who shall receive the first half of the residue. This is an assumption and a clear perversion of the language of the will. It attributes to the testator, not the intention that he has clearly expressed, but an intention that contradicts his expression. The "other children" are the children other than the eldest son living at her decease. This must be ascertained at the moment of her death. The conditions as to change of residence and name relate exclusively by their express terms to the estates known as "Hauterive" and the "Mansion Estate," and to the first half of the residue. The gift to the children other than the eldest son is absolutely without conditions, and vested immediately upon the decease of their mother.

The next question is, does the limitation to the eldest son violate the rule against perpetuities? The language of the limitation is used with precision and clearness. The gift to him is at the decease of his mother "if he shall have arrived at the age of twenty-one years, and have complied with the conditions." Furthermore, we find later the description of the property, one-half of which to be conveyed is the residue "then in their hands and possession as trustees." The word then relates, undoubtedly, to the time of the decease of the mother. We find also that the other half of the property, which is to be conveyed to the other children (by which, as we have said, is clearly meant children other than the eldest son living at the mother's decease), is to be conveyed to them immediately upon the decease of their mother. The testator has thus fixed the death of his daughter as the time for the division of his estate; for at that time it will necessarily be determined who are the children other than the eldest living son, and a remainder will at once vest in these children. A like remainder will vest in the eldest son, contingent, however, by the express terms of the will, upon the previous performance of the conditions as to residence and change of name.

It is argued that the eldest son may be entitled to claim the estate upon compliance with the conditions within 5 years of the receipt by him of notification of the testator's death, though such compliance occur more than 21 years after his mother's decease. If, upon a proper construction of the will, such an intention can be attributed to the testator, which is at least doubtful, it would not follow that the express limitation contained in the clause above quoted would be nullified. If we found that the testator so intended, it would simply result in holding that the testator had provided a further and distinctive alternative upon which the eldest son might take. The invalidity of this subsequent provision would not attach to a previous, distinct, separable, independent, and lawful limitation. When a devise over includes two contingencies, which are in their nature divisible, and one of which can operate as a remainder, they may be divided, even though included in one expression. Evers v. Challis, 7 H. L. Cas. 405.

In the present case, however, the testator has expressed with clearness one limitation, to take effect at a period far within the lawful limits. This must be held good as a remainder, though an alterna-

tive disposition might be objectionable as an executory devise on the ground of remoteness. Furthermore, we may adopt the language of the complainant's brief:

"The words are not 'if he shall comply,' or 'when he complies,' but 'if he shall have complied.' By thus using the future perfect instead of the future tense, the testator has indicated in the plainest manner that he intended no interval to elapse between the estate to the mother and the estate to the eldest son. To construe these conditions in such manner as to allow such an interval would be to violate the elementary principle that a limitation which can be construed as a contingent remainder must be so construed, and not as an executory devise. 'The law will not construe a limitation in a will into an executory devise when it can take effect as a remainder.' Per Swayne, J., Doe v. Considine, 6 Wall. 458 (see page 475). Where the contingent estate may, in the nature of its original limitation, take effect during or by the time of the determination of the particular estate (supposing that particular estate to take place), the possibility or probability of its not doing so, in the common course of things, or from its relation to other limitations interposed by the testator, will not take it out of the general rule that denies the construction of an executory devise to a limitation that may take effect as a remainder." "Therefore the first limitation to the eldest son of Mrs. Del Valle, contained in this paragraph of the will, is a contingent remainder, so limited that it must vest, if at all, at the instant of the death of the life tenant. And, in the event which happened,—the death of the life tenant, leaving an eldest son, who had then attained the age of twenty-one years, and complied with the conditions of the will,—it did so vest."

Looking at the practical situation resulting from the foregoing conclusions as to the validity of the trusts, we find that the bill of Pedro Del Valle Halsey, assuming, as we must on demurrer, the truth of the allegations as to his performance of the conditions as to name and residence, asserts a valid title to Hauterive, the Mansion estate, and the first half of the residue, with the accumulations; that the bill of Silvio Mones Ruiz et al. asserts a valid title to the other half part of the residue, with accumulations. This last bill, however, does not aver that Pedro Del Valle Halsey performed the conditions, but requires proof thereof. The prayers for alternative relief, therefore, are, of consequence, only in case Pedro Del Valle Halsey shall fail to establish his performance of the conditions. We will consider, however, the effect of the allegations that the complainants are heirs at law, and their prayers for alternative relief.

It seems clear that a bill may state the facts, and properly ask relief in the alternative, according to the conclusions of law that the court may draw. Fost. Fed. Prac. (2d Ed.) § 70; Shields v. Barrow, 17 How. 130. Furthermore, in Stephens v. McCargo, 9 Wheat. 502, Chief Justice Marshall said: "But we know of no principle which shall prevent a person claiming the same property by different titles from asserting all his titles in the same bill." See, also, Gaines v. Chew, 2 How. 619. There is certainly no inconsistency in the allegations that Pedro Del Valle Halsey is the person named in the will; that he took up his residence and changed his name in accordance with the conditions of the will; and the further allegation that he and his sisters are heirs at law of the testator. The truth of one of these allegations of fact does not in the least tend to establish the falsity of the others. Surely, if one is both sole devisee and sole heir at law, he may assert both titles against one who asserts a claim as heir at law adversely to the will. "It is no objection to a bill in equity that it has what is called a double

aspect; that is, asking one relief, and failing that, upon the facts stated, another relief." Chaffin v. Hull, 39 Fed. 887.

It seems clear that the bills are not multifarious for the reason that they allege two alternative grounds upon which the complainants may be entitled; nor because some of the defendants may not be interested in all the questions that may arise in the suit. All of the demurrers have raised the substantial questions as to the validity of the trusts, and none of the parties has sought to be relieved of the trial of these questions; but, on the contrary, the briefs have urged that "it will be thus seen that the court on these demurrers must decide the validity of the trusts." Upon the defendants' brief it is stated:

"The bills will therefore be considered in the light of the one ground of relief distinctly averred by the complainants; and the ground of relief only hypothetically stated will be disregarded. The case well stated in each bill rests on the validity of the trusts of the will of Mr. Thomas Lloyd Halsey; and, those trusts being void, the demurrers resting on that ground cover the entire bill in each case."

The demurring parties having thus asserted their interest in the question of the validity of the trusts, they must be held to have a like interest in the question of whether Pedro Del Valle Halsey has performed the conditions as to name and residence, and, if he fail to establish this, in the further question as to whether the subsequent limitations in favor of the female issue are valid (a decision of which question is reserved), and also in the question as to whether the children of the testator's daughter, Maria Louisa Andrea Del Valle, are the testator's heirs at law, as well as in the other questions in the case. If there is inconsistency, it arises, not from the complainants' allegations of alternative titles, but because the defendants have treated the bills as sufficiently stating the defendants' interest in the question of the validity of the trusts, and as insufficiently stating their interest in the question whether the complainants are heirs at law. If interested in the first aspect of the bills, they are obviously also interested in the second aspect. Considering the large number of persons concerned in the questions still remaining in the case, the adverse titles set up in the cross bills and answers, and the multiplicity of suits that would arise if these complainants and the trustees were compelled to litigate this matter piecemeal with the various claimants, also the fact that the substantial questions are few, and the further fact that no defendant whose interest was sufficient to lead him to contest the validity of the trusts could now be benefited by a division of the controversy, I am of the opinion that the scope of the bills is entirely proper and in accordance with the principles of equitable relief.

As was said by Brewer, J., in Hyman v. Wheeler, 33 Fed. 629, 631:

"Neither can it be said that there is no equity in the bill. Equity discountenances a multiplicity of suits. That is one of the grounds of its jurisdiction. And it aims, by restraining a multiplicity of suits, to give to the owner of the property the beneficial enjoyment of it, and to enable him to get the benefit of its ownership, rather than waste it in many and diverse suits. * * * In all equity cases we ought to go to the substance of things as far as possible."

Justice Harlan, in Sheldon v. Packet Co., 8 Fed. 769, said:

"As a general rule, the court will not compel parties to incur the expense, vexation, and delay of several suits, where the transactions constituting the sub-

jects of the litigation, or out of which the litigation arises,.are so connected by their circumstances as to render it proper and convenient that they should be examined in the same suit, and full relief given by one comprehensive decree. A different rule would often prove to be both oppressive and mischievous, and could result in no possible benefit to any litigant, whose object was not simply to harass his adversary, but to ascertain what were his just legal rights."

Looking at the substance of this case, it is obvious that the rights of all the parties can most conveniently be tried in one litigation, and that the alleged inconveniences of so doing are largely fictitious, and of no practical importance.

The demurrers will be overruled.