## UNITED STATES v. HOUDE ENGINEERING CORPORATION.

### No. 1904.

District Court, W. D. New York.
Jan. 25, 1935.

See, also, 9 F. Supp. 836, 841, 843.

George L. Grobe, U. S. Dist. Atty., of Buffalo, N. Y., Robert B. Watts, Sp. Counsel, National Labor Relations Board and Sp. Asst. Dist. Atty., of New York City, and F. B. Critchlow, Sp. Asst. Dist. Atty., and Thomas J. Emerson, Atty., National Labor Relations Board, both of Washington, D. C., for the United States.

Beaumont, Smith & Harris, by Hal H. Smith, and Melville C. Mason, all of Detroit, Mich., and Dudley, Stowe & Sawyer, by Joseph Dudley, all of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

Defendant moves under Federal Equity Rule No. 20 (28 USCA § 723) for an order requiring the complainant to make a further and better statement of the nature of its claims in certain particulars. The allegations to which the motion is directed are comprehended in such clauses as relate (1) to the capacity in which the elected representatives were authorized to act, and (2) to the extent of the authority of the elected representatives to act in collective bargaining with respect to the employees of the defendant.

The event of the alleged cause of action herein is of extreme importance. It will define the rights of employer and employee as respects collective bargaining throughout these United States. It is most essential in the interest of all concerned in the results of the action that the issues be so clearly and comprehensibly framed that all necessary and pertinent matters may be considered and a full and complete determination made. It is with these views in mind that I approach the consideration of the questions raised upon this motion.

The motion as respects the two classes of claims to which it is directed may be logically considered in the order to which they have been hereinbefore referred.

■ This action is brought to restrain alleged violations of the code of fair competition under the provisions of the National Industrial Recovery Act, approved June 16, 1933 (15 USCA § 701 et seq.). The National Industrial Recovery Act reads, in part: "Every code of fair competition, agreement, and license approved, prescribed, or issued under this title [chapter] shall contain the following conditions: (1) That employees shall have the right to organize and bargain collectively through representatives of their own choosing," section 7 (a), 15 USCA § 707 (a), and the code of fair competition contains the same provision. Pursuant to an executive order of the President, under date of February 1, 1934, issued by virtue of the provisions of the National Industrial Recovery Act, the National Labor Board was authorized to call an election to enable the employees, or any specific group of employees of any plant, to choose representatives for the purpose of collective bargaining, whenever the Board determines in such manner as it sees fit that a substantial number of the employees or of any specific group of employees have requested the Board to conduct such election. Pursuant to the order of the National Labor Board, and on March 21, 1934, an election was held for the ostensible purpose of electing a representative for collective bargaining. We are not concerned here with the regularity of the election. We are not concerned here with the question of the powers of the representative or representatives. We are concerned with the question of whether it is sufficiently clear from the pleading who the government claims is "solely entitled to bargain collectively with defendant," as "the exclusive bargaining representative of all or any group of defendant's factory employees concerning questions of wages," etc.

The ballot used in the election, in part, reads: "To vote for a straight Union ballot electing United Automobile Workers' Federal Labor Union No. 18839 and all the Union representatives, mark a cross (x) in the square opposite the name Union Ballot," and further: "To vote for a straight Non-Union Ballot electing Houde Welfare and Athletic Association and their representatives, mark a cross (x) in the square opposite the name Non-Union ballot." Beneath these instructions in two separate columns so-called "Union" and "Non-Union" voting spaces were provided on the ballot. At the top of the union ballot appear these words: "Representatives of United Automobile Federal Labor Union No. 18839, affiliated with the American Federation of Labor," and following this the names of twelve individuals.

In the government's brief herein we find this statement: "The government has flatly taken the position that it is the Union as

represented by the named individuals which was elected on the election and which is the representative of the factory employees in collective bargaining." It seems to me that a reasonable and fair construction of this ballot and the allegations in the complaint based upon it is that the United Automobile Workers' Federal Labor Union No. 18839 became by this election a representative to act in collective bargaining, but that it was authorized to act only through the representatives named. I see no ambiguity or lack of definiteness that require any amendment of the complaint in this respect. In determining this question, there is no purpose to define the authority of the Workers' Federal Labor Union No. 18839. The court is passing simply upon the question of who is the representative authorized to act in collective bargaining.

The complaint herein alleges that the elected representatives of the United Automobile Workers' Federal Labor Union No. 18839 presented themselves to the defendant and demanded that defendant bargain collectively with the Workers' Federal Labor Union, as represented by them, "as the exclusive bargaining representative of all or any group of Defendant's factory employees, concerning questions of wages," etc., that the defendant refused to recognize such labor union as the only representative entitled so to act collectively as aforesaid, and that the defendant refused to accede "to any of the said demands and refused to bargain collectively" as aforesaid with the said labor union, as demanded by it. It is also alleged that on various occasions the defendant has refused to bargain collectively with said federal labor union "as the exclusive bargaining representative of all or any group of Defendant's factory employees concerning the matter of wages," etc. It will be noted that the complaint contains repeated declarations that the defendant has refused to bargain collectively with the federal labor union "as the sole or exclusive bargaining representative of all or any group of Defendant's factory employees concerning the matter of wages," etc. In the recital in the complaint as to violation of the statute and code with respect to the interference and coercion of employees, the complaint alleges the refusal of the defendant to recognize the federal labor union as represented by the elected representatives "as the sole collective bargaining agency of Defendant's factory employees on matters of wages," etc. It will be noted that no reference is there made to any refusal to rec-

ognize the federal labor union as representing any particular group of employees for collective bargaining. The point with respect to this arises from the statement in the brief of the district attorney in which it is said that complainant's position is "that the factory employees constitute a single bargaining unit and that a single bargaining agency selected by the employees of this unit represents all, including every group, of the employees within the unit."

The specific allegations which the defendant asks be made more definite and certain are the allegations, in substance and to the effect, that the plaintiff has demanded that the defendant recognize said labor union, as represented by the individuals elected as its representatives, "as the exclusive bargaining representative of all or any group of defendant's factory employees," etc., and such demand has been refused. It is claimed that, these allegations being in the alternative, defendant is unable to determine the specific claim of the government with respect to the authority of the representative to act in collective bargaining. Defendant in substance asks that the government set forth whether it claims that the federal labor union is the sole bargaining representative of all present factory employees; or those employed but not voting, or of those who voted for the Houde Welfare & Athletic Association, or of those who voted for the individuals named in paragraph 12 of the bill; whether it is claimed it was the exclusive bargaining representative for particular groups of employees, and, if so, which group or groups; and whether it is claimed that the individuals hereinbefore referred to are the exclusive bargaining representatives for all factory employees, including all groups; and whether the government claims that the aforesaid individuals are the exclusive bargaining representatives for certain of the groups of the present factory employees of the defendant, and, if so, a definite statement naming such group or groups.

 A pleading of material facts in the alternative as a general rule is bad. 49 C. J. 97, § 91, and cases there cited. Such rule is applicable where the truth of one of the alleged facts tends to establish the falsity of the other. Halsey v. Goddard (C. C.) 86 F. 25, 28. It is the rule where the alternative acts alleged are disassociated and create separate liabilities. Kornbrodt v. Equitable Trust Co., 137 Or. 386; 2 P.(2d) 236, 237, 3 P.(2d) 127 (1931), cited by defendant, is a

case in which it is alleged that the defendant "agreed to do certain things 'and/or would guarantee.'" Of course, under such an allegation the defendant was not informed of the specific claim made. In Cliff v. California Spray Chemical Co., 83 Cal. App. 424, 257 P. 99, cited by defendant, it was alleged that a certain individual was either acting as an agent of the defendant or in some entirely different capacity. Clearly the defendant was unable to determine what the specific claim was. I find nothing in the other cases cited by the defendant which are comparable with the allegation in question here. The mere use of the disjunctive does not make an alternative pleading. 49 C. J. 97, § 91. The statute recognizes all the employees as one group to bargain co-operatively and also recognizes the right of separate groups of the entire body of employees to bargain collectively. I incline to the opinion that the word "or" as used here may fairly be interpreted as meaning "and," and in effect a conjunctive. The meaning of the allegation may be said to be that the elected representative has the right to act in a situation which may arise as to a group and a group within the entire group of all employees. They may be said to be legal equivalents. As such they are sufficient. However, in view of the assertion of the district attorney that the government intends, and it is the intent of the pleader, to allege authority in the elected representative or representatives to act collectively for all employees and for all groups of employees, I think any doubt regarding the effect of "or" in the connections used should be resolved in defendant's favor, and the complaint should be amended in such clauses as purport to show the authority in the alleged representative to bargain collectively for all employees or for any group of defendant's factory employees so as to show the alleged authority to act for all employees and all groups of employees. Such amendments, couched in the expression "for all employees and for each and every group of defendant's employees," it seems to me, meet the objections raised by the defendant. Such amendments will clearly and definitely state whether the federal labor union is the exclusive agency for collective bargaining for present factory employees, factory employees employed since the election, factory employees not participating in the election, factory employees voting in the election, and whether and how the defendant refused to recognize the authority of the federal labor union to act as the exclusive representative to bargain collectively.

The motion is granted in the respects hereinbefore stated.