CHARLES L. MACURDA *vs.* LEWISTON JOURNAL COMPANY.

SAME *vs.* SAME.

Androscoggin.     Opinion December 16, 1908.

*Pleading.   Declarations.   Disjunctive Allegations.   Demurrer.*

It is a general rule of pleading that the declaration must allege the grava-
men — the grievance complained of, with such precision, certainty and
definiteness that the defendant may know what to answer by his pleading
and proof.

When material facts are stated in the alternative, so that it cannot be deter-
mined upon which of several equally substantial averments the pleader
relies for the maintenance of his action, the pleading is bad for uncertainty.

A disjunctive allegation as to the essence of the cause of action is as pure an
example of uncertainty as can well be found, for it completely conceals
from the defendant the ground upon which a recovery is claimed.

The disjunctive form of allegation as to the essence of the cause of action has
·been uniformly regarded as fatally defective.

If from the declaration the cause of action does not sufficiently appear the
pleading is defective in substance.

When a declaration is defective because of the disjunctive form of allegation
used, the defect can be reached by general demurrer.

The plaintiff brought two actions against the defendant to recover damages
for alleged libels. In one action the publication of the alleged libelous
matter was stated as follows: "Said defendant did . . . falsely and
maliciously compose, print, publish and circulate, *or* cause to be composed,
printed, published and circulated in a certain public newspaper . . . .
a certain scandalous and malicious libel of and concerning the plaintiff.'
In the other action the publication was stated as follows: "Said defend-
ant did . . . falsely and maliciously compose and publish, *or* cause and
prepare to be composed and published . . . . in a certain news-
paper . . . a certain malicious libel of and concerning the plaintiff."
The defendant filed a general demurrer in each action. *Held:* That the
declaration in each case was defective because of the disjunctive form of
allegation used.

On exceptions by defendant.     Sustained.

Two actions on the case brought by the plaintiff against the
defendant company, to recover damages for alleged libels published

by the defendant company, "of and concerning the plaintiff." The defendant company filed a general demurrer to each declaration. The presiding Justice, pro forma, overruled the demurrers, and the defendant excepted.

The cases are sufficiently stated in the opinion.

*Arthur S. Littlefield, George C. Wing,* and *George C. Wing, Jr.,* for plaintiff.

*Symonds, Snow, Cook & Hutchinson,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, CORNISH, KING, BIRD, JJ.

KING, J. Each action is to recover damages for an alleged libel and is before the Law Court on a general demurrer to the declaration. In the first action the publication of the alleged libelous matter is stated in this form :

"Said defendant did . . . . falsely and maliciously compose, print, publish and circulate, *or* cause to be composed, printed, published and circulated in a certain public newspaper . . . . a certain scandalous and malicious libel of and concerning the plaintiff."

In the other action the publication is stated in this form :

"Said defendant did . . . . falsely and maliciously compose and publish *or* cause and prepare to be composed and published . . . . in a certain newspaper . . . . a certain scandalous and malicious libel of and concerning the plaintiff."

It is a general rule of pleading, too well settled to need the citation of authorities, that the declaration must allege the gravamen—the grievance complained of with such precision, certainty and definiteness that the defendant may know what to answer by his pleading and proof.

A disjunctive allegation as to the essence of the cause of action is as pure an example of uncertainty and indefiniteness in pleading as can well be found, for it completely conceals from the defendant the ground upon which a recovery is claimed.

Such form of allegation has been uniformly regarded as fatally defective.

"A pleading is bad under any system of practice when it states material facts in the alternative, so that it is impossible to determine upon which of several equally substantive averments the pleader relies for the maintenance of his action or defense." 6 Ency. Pl. & Pr., page 268; Chitty on Pl. 16th Am. Ed., star page 260; Stephen on Pl. 340; *State* v. *Singer*, 101 Maine, 299.

In the last case cited this court recently decided that such form of charging, in the disjunctive, in an indictment for libel, violates the rule of certainty in criminal pleading and is fatal on general demurrer. It is there said:

"To be charged with printing and publishing a libel is one thing and to defend against it, evidence of one kind may be required, while to meet the charge of having caused a libel to be printed and published may require evidence of another and entirely different character. This distinction goes to the essence of the charge."

Applying the same rule of certainty to the declarations in the cases before us, with like discriminating reasoning, and they are found defective because of ·the disjunctive form in which the publication is alleged.

But it is suggested by plaintiff that such defect is not reached by a general demurrer. We think it is. It is not a defect in form, but in substance. The question to be answered by the declaration is: What act of defendant is relied upon? The answer is uncertain; either that he *did* an act complained of, or *caused* it to be done. This uncertainty of allegation goes to the very essence of the cause of action—to the act of defendant from which the cause of action springs.

If from the declaration the cause of action does not sufficiently appear the pleading is defective in matter of substance.

Here the plaintiff has alleged in each declaration that the defendant did either one or the other of two substantive acts, but he has not disclosed upon which of those acts he relies as the cause of action.

It is the opinion of the court that the declaration in each case is

defective because of the disjunctive form of allegation used, and that the defect is reached by general demurrer.

This conclusion makes it unnecessary to consider the other particulars in which it is claimed the declarations are defective. The entry in each case must be,

*Exceptions sustained.*