Argued October 8, affirmed October 22, 1915.

## DAVIES *v.* REA.*

(152 Pac. 267.)

**Frauds, Statute of—Default of Another—Consideration—Sufficiency.**

1. Where defendants, the principal stockholders of a hotel company, signed a writing whereby, in consideration of the forbearance of plaintiff to foreclose a mortgage thereon, defendants agreed to pay the sum secured at a later date, together with interest, attorneys' fees, and costs, the undertaking is enforceable; there being a sufficient memorandum under Section 808, L. O. L., providing that an agreement to answer for the default of another must be in writing embracing the consideration, and subscribed by the party to be charged.

[As to promise to pay for debt of another, see notes in 5 Am. Dec. 321; 95 Am. Dec. 251; 46 Am. Rep. 296; 126 Am. St. Rep. 487.]

From Multnomah: GEORGE N. DAVIS, Judge.

Department 1. Statement by MR. JUSTICE BURNETT.

This is an action by H. H. Davies and George A. Kelly against Don P. Rea and L. Y. Keady. The substance of the complaint, which was filed June 13, 1913, is that the Gateway Hotel Company had given its note and mortgage to the plaintiffs and had failed to pay

———

*On agreement of shareholder to become responsible for amount of company's debt as "a promise to answer for debt of another," see note in 3 B. R. C. 611.            REPORTER.

the same at maturity, whereupon the defendants signed a writing which, after reciting the indebtedness and that the plaintiffs here were about to foreclose the mortgage, contained the following stipulation:

"Now, therefore, as holders of and owners of the majority of the stock of the Madras Hotel Company, and realizing that, if said property was sold under foreclosure, it will be at a sacrifice, now, in consideration of the extension of the time for the collection of said sum until May 22, 1913, we, the undersigned, L. Y. Keady and Don P. Rea do bind ourselves individually and personally, each for himself, and not one for the other, to pay said Davies and Kelly said full sum of money, together with interest, at the expiration of said period, May 22, 1913.

"We further agree and bind ourselves that in the event of a suit for the collection of said indebtedness, or any part of it, we will pay the said Davies and Kelly the sum of two hundred ($200) dollars as attorneys' fees and such other costs as they may have expended in said action."

It is also alleged that the note and mortgage are long past due and unpaid, and that the obligation of the defendants has not been paid and is past due. A general demurrer to the complaint was overruled.

The answer admits the execution of the writing and that the hotel company had failed to pay the note and mortgage. It affirmatively states:

"That the promise or agreement set forth in the complaint was a special promise to answer for the debt or default of the Madras Hotel Company, named in the complaint; that no note or memorandum of said promise or agreement expressing a consideration was made or signed by the defendants or either of them, or by any person by their authority, or at all, and the instrument named in the complaint and marked Exhibit 'A' was made and signed by the defendants without any consideration."

The reply traverses the allegations of the answer. The court made findings of fact and conclusions of law upon which it rendered judgment for the plaintiffs for $175, attorney's fees, and otherwise according to the prayer of the complaint. Defendants appeal. The only assignments of error are these:

"(1) The court erred in overruling defendants' demurrer to the complaint; (2) the court erred in giving judgment for plaintiffs, for that the findings are not sufficient to support said judgment."    AFFIRMED.

For appellants there was a brief over the names of *Mr. H. K. Sargent* and *Mr. Harrison Allen,* with an oral argument by *Mr. Sargent.*

For respondents there was a brief over the names of *Mr. Frank Schlegel* and *Mr. E. E. Miller,* with an oral argument by *Mr. Schlegel.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The defendants contend that the writing which they signed is not sufficient to charge them under the statute of frauds embodied in Section 808, L. O. L. As applicable to this case the statute reads thus:

"In the following cases the agreement is void unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents, in the cases prescribed by law: * * 2. An agreement to answer for the debt, default, or miscarriage of another. * * "

The paper recited that it was executed "in consideration of the extension of the time for the collection

of said sum until May 22, 1913.'' The defendants rely
upon *First Nat. Bank* v. *Cecil,* 23 Or. 62 (31 Pac. 61,
32 Pac. 393), holding that:

''An agreement by a creditor to forbear prosecuting
his claim, and an actual forbearance by him, is a good
consideration to sustain a promise of a third person to
pay the claim; * * but a mere forbearance without
such promise is not. * * And this is so although the
act of forbearance was induced by the defendant's
promise.''

The teaching of that case is, in effect, that without a
supporting contract to characterize it, pure forbear-
ance could not be distinguished from neglect of the
promisee to compel payment. Delay only, if nothing
else is shown, does not alter the situation or the rights
or obligations of the parties. But in this juncture that
is not by the mark. The consideration was the exten-
sion of time. This implies an affirmative act on the
part of the holder of the note, and is not the bare nega-
tive of forbearance or procrastination. This positive
act of the plaintiffs is expressed in the agreement
which the defendants made. Their argument would
be *apropos* if, in fact, the plaintiffs had violated the
stipulation and had sued on the principal obligation
before the extension had expired for then the stated
consideration would have failed. Expressing, as it
does, the consideration, the writing subscribed by the
parties sought to be charged is sufficient within the
statute of frauds.

The judgment is affirmed.        AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and
MR. JUSTICE BENSON concur.