Argued at Pendleton October 27, 1930; reversed March 3; rehearing
denied April 14, 1931

# LEWIS *v.* SIEGMAN
(296 P. 51, 297 P. 1118)

*M. R. Elliott*, of Prineville, for appellant.

*Abe Eugene Rosenberg*, of Portland (Coen & Rosenberg, of Portland, and Bernard Ramsey, of Bend, on the brief), for respondent.

RAND, J. In this action plaintiff, as administratrix of the estate of Mary H. Pitzer, deceased, seeks to recover judgment against the defendant as executrix of the last will and testament of Antone Fogle, deceased, for the reasonable value of services alleged to have been performed by plaintiff's intestate for said Fogle at his special instance and request between October 27, 1897, and August 3, 1921, the day on which plaintiff's intestate died. The complaint after alleging that the services were continuously performed between said dates at the special instance and request of Fogle, that they were of the reasonable value of $100 per month, and that no part thereof had been paid and that plaintiff, as administratrix, had demanded payment thereof of Fogle and that Fogle had failed and neglected to pay the same, or any part thereof, then alleged:

"That during the month of August, 1923, by order of court, the said Antone Fogle entered into a parol agreement with Olive M. Lewis, as administratrix of the estate of Mary H. Pitzer, deceased, whereby and whereunder the said Antone Fogle agreed in consideration of the services theretofore rendered to him by Mary H. Pitzer, and for the further consideration that the said Olive M. Lewis as administratrix of the estate of Mary H. Pitzer, deceased, forbear the institution of suit against him for the value of services theretofore

rendered to him by the said Mary H. Pitzer, deceased, as hereinbefore set out, to devise real property in his will to the heirs of Mary H. Pitzer, to-wit: Olive M. Lewis, Harry T. Pitzer and Prentice Pitzer, sufficient to satisfy any and all claims that Olive M. Lewis as administratrix of the estate of Mary H. Pitzer, had against him, the said Antone Fogle, by reason of the services theretofore rendered to him by the said Mary H. Pitzer.''

Following said allegation, the complaint alleges that Fogle died on January 26, 1928, leaving a last will which contained no devise or bequest of any property to the heirs of Mary H. Pitzer, deceased; that plaintiff, as administratrix, presented to the defendant in her representative capacity a duly verified claim for $28,500 for said services; that said claim was rejected and that no part thereof has ever been paid, and contains a demand for judgment in said sum.

To this complaint, defendant demurred upon the ground that it failed to state facts sufficient to constitute a cause of action and also upon the ground that the action was not commenced within the time limited by the code. The demurrer was overruled and defendant answered, denying generally the material allegations of the complaint. Upon the issue thus joined, the cause was tried to a jury and plaintiff had verdict and judgment for $6,000, and defendant has appealed.

■ It will be seen from an examination of the complaint that there is no allegation of any promise upon plaintiff's part given in consideration of the alleged promise of Fogle to devise real property to the Pitzer heirs that plaintiff would herself forbear to prosecute the claim, nor is there any allegation in the complaint that plaintiff herself performed the alleged contract upon her part. In the absence of such allegations, there was no cause of action stated in the complaint.

In *First National Bank v. Cecil*, 23 Or. 58 (31 P. 61, 32 P. 393), an action to recover upon a promissory note alleged to have been given as the consideration for the bank's promise to not institute proceedings to contest a conveyance made to the defendant by his brother, the judgment was reversed because of an error committed by the court in instructing the jury upon the very point involved here. The defendant in that action had requested an instruction that the mere forbearance of plaintiff to attack the conveyance without any agreement upon the part of the plaintiff that it would forbear the commencement of proceedings to attack the conveyance would not be a sufficient consideration to sustain the note sued on, even though the plaintiff did in fact forbear on account of defendant's having signed the note. The court refused to give the instruction requested and, in effect, charged the jury that if the jury believed from the evidence that when the defendant signed the note sued upon he did so to induce the plaintiff not to attack the conveyance, that would constitute a good and sufficient consideration for the note signed by him. In reversing the judgment, the court said:

"* * * An agreement by a creditor to forbear prosecuting his claim, and an actual forbearance by him, is a good consideration to sustain a promise of a third person to pay the claim: *Robinson v. Gould,* 11 Cush. [Mass.] 55; Bish. Contr. § 63; but a mere forbearance without such a promise is not. 'A mere forbearance to sue,' says Bigelow, J., 'without any promise or agreement to that effect, by the holder of a note, forms no sufficient consideration for a guaranty. It is a mere omission on the part of the creditor to exercise his legal right, to which he is not bound by any promise, and which he may at any moment and at his own pleasure enforce.': *Mecorney v. Stanley,* 8 Cush. [Mass.] 87; and this is so although the act of forbearance was induced by the defendant's promise; * * *".

The same principle of law was announced in *Davies v. Rea,* 77 Or. 648 (152 P. 267).

The complaint in the instant case alleges a promise made by Fogle to make a will devising real property but it alleges no promise upon the part of plaintiff that, in consideration of such promise upon Fogle's part, she would forbear to prosecute the claim against him and, in the absence of such promise upon her part, there was, under the doctrine announced in the cases just referred to, no sufficient consideration pleaded for Fogle's promise. For this reason there was a want of a necessary and material allegation without which the complaint failed to state a cause of action.

■ Again, the complaint was fatally defective in that it failed to state that plaintiff herself performed the alleged contract upon her part. Where a plaintiff seeks to recover upon a contract by reason of defendant's failure to perform, it is necessary to both allege and prove that plaintiff has himself performed the contract: *Turner v. Corbett,* 9 Or. 79; *Fisk v. Henarie,* 13 Or. 156 (9 P. 322); *Lewis v. Craft,* 39 Or. 305 (64 P. 809); *Catlin v. Jones,* 48 Or. 158 (85 P. 515); *Longfellow v. Huffman,* 49 Or. 486 (90 P. 907); *Loveland v. Warner,* 103 Or. 638 (204 P. 622, 206 P. 298); § 1-805, Oregon Code 1930. Since the complaint contained no allegation of any promise upon plaintiff's part to forbear and no allegation that plaintiff herself performed the contract upon which she is relying, the complaint was fatally defective in both particulars. But since the complaint can be amended by inserting these necessary allegations, we will consider the second point raised by the demurrer. This objection is far more serious since it involves the right of plaintiff to maintain the action at all.

According to the allegations of the complaint the last services performed by plaintiff's intestate were on August 3, 1921, the date of her death. Fogle died on January 26, 1928, without performing the alleged contract upon his part and the action was not commenced until October 7, 1929. When defendant was appointed as executrix of the will is not disclosed but the complaint does disclose that the duly verified claim was presented to defendant as executrix in August, 1928. Allowing for any lapse of time that may have occurred before the appointment of the executrix and granting the six months' period which must elapse after her appointment before the action could be commenced, there is a period of more than six years which did elapse from the time the last services were performed to the time when this action was commenced and, hence, the action was not commenced within the time limited by the code unless, for reasons to be now considered, the bar of the statute was removed.

 A contract to make a will cannot be broken by nonperformance until the death of the testator since the testator has the whole of his life in which to perform. But such a contract is broken when the testator dies without making a will in substantial compliance with the terms of the contract: 5 Page on Contracts (2d Ed.), § 2935. That rule is applicable to all contracts of that nature whether such contracts are within or without the operation of the statute of frauds. There is a distinction, however, in the remedy available to the promisee in cases of that character, where the contract is not within the statute of frauds, or, if within, where the statute has been complied with and cases within the statute where the statute has not been complied with. In cases of the first class, the promisee may sue to recover damages for the breach, for the contract in

such case is valid and enforceable. The remedy, however, available in the first class of cases is not available in the last class referred to. If the covenant, because of the statute, is regarded as one which is merely void but not illegal, as was the contract attempted to be pleaded in the instant case, a party who has performed in reliance on the void contract cannot recover for breach of the contract for the contract is unenforceable but he may recover what he has parted with, or reasonable compensation therefor: *Swank v. Moisan*, 85 Or. 662 (166 P. 962); *Jackson v. Stearns*, 58 Or. 57 (113 P. 30, 37 L. R. A. (N.S.) 639, Ann. Cas. 1913A 284); *Bowman v. Wade*, 54 Or. 347 (103 P. 72); *Keller v. Bley*, 15 Or. 429 (15 P. 705); Woodward, Quasi-Contracts, § 95, p. 147; 2 Page on Contracts (2d Ed.), § 1071; 1 Williston on Contracts, § 534.

■ The contract relied upon in the instant case was an oral contract to devise real property by will and, since it contemplated the transfer of real estate for a consideration, it is within the statute of frauds: *Swank v. Moisan*, supra; *Jackson v. Stearns*, supra; *Bowman v. Wade*, supra; *Keller v. Bley*, supra; 1 Williston on Contracts, § 488, and cases there cited; 2 Page on Contracts, § 1281, and cases cited. Also see note and cases cited in 14 L. R. A., p. 862. And the statute not having been complied with, plaintiff may recover what she has parted with, or reasonable compensation therefor. But what, under the allegations of this complaint, has plaintiff parted with? She paid no money and parted with no property, either real or personal. She merely forbore to sue Fogle for the services alleged to have been performed by her intestate. Her claim, which she failed to prosecute, was an alleged debt owing by Fogle to her as administratrix of her mother's estate, and Fogle's promise was that he would pay this debt to

the Pitzer heirs by devising real property to them by his will. Had the contract been in writing, it would have been enforceable and this action could be maintained but the situation is controlled by section 1-222, Oregon Code 1930, which provides:

"No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

■ Assuming as we do that the contract was made as alleged and that there was due and owing a sum of money at the time the contract was entered into, the promise, not being in writing, was not sufficient, under the section just referred to, to toll the statute and, hence, because of plaintiff's failure to enforce the claim within six years after her cause of action accrued, under section 1-222, the statute of limitations had run and the action could not be maintained as against the specific objection that it was barred by the statute.

For these reasons, the judgment appealed from must be reversed and the cause remanded with directions to sustain the demurrer, and it is so ordered.

BEAN, C. J., and KELLY, J., concur.

Rehearing denied April 14, 1931

ON PETITION FOR REHEARING
(297 P. 1118)

RAND, J. Plaintiff, by her petition for rehearing, asserts that the court erred in holding that defendant demurred to the complaint upon the ground that the action was not brought within the time limited by the

code and, hence, that since that defense is waived, unless taken advantage of by demurrer or answer, it was not available as a defense in the suit.

It appears from the transcript containing the original pleadings in the action which was certified to under the hand of the county clerk and seal of the circuit court for Jefferson county, filed in this court on August 4, 1930, that the demurrer filed by defendant, omitting the title of the court and cause, was in the following words:

"Comes now the defendant above named and demurs to plaintiff's complaint filed herein for the reason that the same does not state facts sufficient to constitute a cause of action.

Lake M. Bechtel<br>
M. R. Elliott<br>
Attorneys for defendant.

"This demurrer is based upon section 6, Or. L.

POINTS AND AUTHORITIES

" 'An action upon a contract or liability express or implied * * * must be brought within six years.'

"The complaint on its face shows that the statute of limitations has run against the cause of action alleged in plaintiff's complaint.

"We hereby certify that we believe the foregoing demurrer to be well founded in law.

Lake M. Bechtel<br>
M. R. Elliott<br>
Attorneys for defendant."

It is evident from the reading of this demurrer, whether imperfectly drawn or not, that the defendant intended to demur upon both grounds and that the court, in overruling it, not only had its attention drawn to both grounds of demurrer but also overruled it upon both grounds. Petition for rehearing, therefore, must be denied.

BEAN, C. J., and KELLY, J., concur.