Argued June 18; reversed July 28; rehearing denied
September 22, 1931

# KORNBRODT *v.* EQUITABLE TRUST CO.

(2 P. (2d) 236, 3 P. (2d) 127)

*P. J. Gallagher* and *George B. Guthrie,* both of Portland (Earl C. Bronaugh, Jr., of Portland, on the brief), for appellant.

*E. R. Trayle,* of Portland (H. B. Warfield, of Portland, on the brief), for respondent.

RAND, J. This is an action to recover for breach of an alleged promise. The complaint in substance alleges as the inducement for the promise that plaintiff purchased from defendant certain bonds of two irrigation districts of the state of Idaho; that both of said districts have since defaulted in the payment of the bonds and that the bonds are now of no value; that plaintiff sold a part of said bonds so purchased to Clark Kendall and Company; that, upon the district becoming insolvent, Clark Kendall and Company threatened to bring suit against plaintiff because of its purchase of said bonds from plaintiff, and that, after a consultation between plaintiff and defendant, the promise sued on was made by defendant. The complaint states the promise alleged to have been made by defendant in the following words:

"That on or about the 7th day of January, 1925, while the aforesaid demand of Clark Kendall and Company was continuing and while plaintiff was able to comply with said demand, the defendant under the

name of the Lumbermens Trust Company requested plaintiff not to rescind the above mentioned sale of the Snake River Irrigation District bonds to Clark Kendall and Company, Incorporated, and to permit defendant to handle the affairs connected with said transaction. An agreement was thereupon entered into by and between defendant and plaintiff whereby defendant promised and agreed that if plaintiff would comply with its request aforesaid, the defendant would reimburse plaintiff for the amount of money plaintiff had lost by sale of the Snake River Irrigation District bonds aforesaid, that defendant would hire an attorney to protect plaintiff's interests, and that the defendant would buy back the Murphy Irrigation District bonds hereinabove mentioned and pay to plaintiff the full amount paid by him for these bonds and/or would guarantee that plaintiff would suffer no loss in the value of the Murphy Irrigation District bonds. That plaintiff has performed each and every covenant and condition on his part to be kept and performed."

■ There is no charge of fraud in the pleadings and the action is purely one on contract. There are numerous assignments of error and defendant insists that for numerous reasons the complaint is fatally defective. The first ground urged is that the complaint is bad because stating in the alternative the obligations which it is alleged the defendant undertook to perform. This objection grows out of the unwarranted combination of the words "and" and "or" found in the paragraph copied above. As so used by the pleader, the statement is that the defendant agreed to do certain things "and/or would guarantee," etc. What does this mean? Does it mean that defendant agreed that it would do certain acts and that it also would guarantee, or does it mean that defendant would either do the acts or else would guarantee, etc.? This cannot be determined from the language used in the pleading and, hence, the pleading is bad.

The words "and" and "or" are not interchangeable terms nor are they ordinarily convertible. They are used for purposes entirely variant. It often happens that to preserve the sense intended it is necessary to construe "and" as "or", and "or" as "and", but this is done only when it is necessary to do so in order to carry out an obvious intent as shown by the context and to avoid an absurdity. They never mean the same thing: 2 C. J., p. 1237 et seq. and notes. The words "and" and "or", when combined as above, ought never to be used in a pleading. As said in 6 Ency. of Pl. and Pr., 268:

"Such pleading is bad under any system of practice when it states material facts in the alternative, so that it is impossible to determine upon which of several equally substantive averments the pleader relies for the maintenance of his action or defense."

See also 21 R. C. L., p. 451; *Macurda v. Lewiston Journal Co.,* 104 Me. 554 (72 Atl. 490); Chitty on Pleadings, 9 Am. Ed., pp. 236-237, 260, 536; Stephens on Pleadings, 340; 49 C. J., 97; 1 Sutherland on Pleading, section 90.

■■ The complaint was also defective in that it failed to allege that plaintiff accepted the offer alleged to have been made by defendant. The complaint alleged that defendant requested plaintiff not to rescind the transaction between plaintiff and Clark Kendall and Company, under which a part of the stock purchased by plaintiff from defendant was sold, and offered to do certain things in consideration of plaintiff's compliance with the request. The complaint states that an agreement was entered into between plaintiff and defendant whereby defendant agreed to do those things but it does not allege that plaintiff himself agreed to

comply with the request. While it is true, as contended by plaintiff, that the word "agreement" connotes a mutual obligation, (*Moran v. Standard Oil Company,* 211 N. Y. 187, 105 N. E. 217), yet when such word appears in a pleading it must be taken as used in connection with the context, and when so taken in this pleading it shows an offer without showing an acceptance of the offer. Unless accepted, plaintiff was not bound to perform upon his part and, hence, although the word "agreement" is used, the pleading, in setting out what the alleged agreement was, merely shows that defendant undertook to be bound without any undertaking upon the part of plaintiff that plaintiff himself would be bound. An arrangement of that kind, whether designated by the pleading as an agreement or not, lacks consideration and is unenforceable. *First National Bank v. Cecil,* 23 Or. 58 (31 P. 61, 32 P. 393); *Davies v. Rea,* 77 Or. 648 (152 P. 267); *Lewis v. Siegman,* 135 Or. 660 (296 P. 51).

Plaintiff cites and relies upon *Davis v. Frank,* 169 N. Y. S. 482, to support his contention that acceptance of defendant's offer would be implied from plaintiff's forbearance of his alleged right to rescind. In that case the defendant had employed the plaintiff as a milliner for the period of one year at a stipulated salary payable weekly. In such case, by the performance of the services contracted for, an acceptance of the offer made by the employer would be implied; as said by Cardozo, J., in *Moran v. Standard Oil Company,* supra, and quoted in the case last cited:

"* * * There may be a 'promise' to serve without a promise to employ, but there can be no 'agreement' for service without mutuality of rights and duties."

Here, there was no promise to serve but a promise to forbear; as said by Professor Williston:

"* * * An offer of reward, an offer of a price for goods, or for services, becomes a contract when what is requested is given or done, though no obligation to give or to do anything ever exists."

1 Williston on Contracts, section 13.

The allegation "that plaintiff has performed each and every covenant and condition on his part to be kept and performed" adds nothing to the complaint for there is no allegation that he ever entered into any covenant or condition which was to be kept or performed by him.

■ Defendant urges other grounds for holding the complaint insufficient. It is not necessary to consider them for enough has been said to show that the complaint does not state a cause of action. The contention of plaintiff that the complaint is aided by verdict cannot be sustained. Defendant attacked the complaint by demurrer and by motion, and since the complaint was fatally defective it cannot be aided by verdict whether demurred to or not.

The judgment appealed from will, therefore, be reversed and the cause remanded with directions to sustain the demurrer.

BEAN, C. J., ROSSMAN and KELLY, JJ., concur.

Petition for rehearing denied September 22, 1931

## On Petition for Rehearing
### (3 P. (2d) 127)

 RAND, J. In a petition for rehearing filed herein, plaintiff contends that, since the rule is that a promise to forbear may be inferred from the fact of forbearance, as held in *First National Bank v. Cecil*, 23 Or. 58 (31 P. 61, 32 P. 393), there could have been no necessity for plaintiff, in stating his cause of action, to allege a promise upon his part to forbear. The rule that such a promise may be inferred from the fact of forbearance, where the question is in dispute, is a rule of evidence and not of pleading. This was an action for breach of contract and before an action of that character will lie it must appear from the complaint that there was a valid and enforceable contract in existence between the parties and that the defendant has breached the contract. A promise by one party is a good consideration for a promise by another but in such case the promise must be obligatory upon both parties so that each party will be bound. There must be a consideration for every contract and unless the contract is one which imports a consideration, such as a deed, bill of exchange, negotiable promissory note or other like instrument, the consideration must be proved and consequently it should be stated. Bliss on Code Pleading, § 268.

 In the instant case plaintiff, instead of alleging that he accepted the offer alleged to have been made by defendant and made the promise requested, merely alleged that he did the thing which defendant requested him to do, namely, to forbear the doing of certain acts. So far as the allegations of the complaint are concerned, plaintiff may have refused to accept the offer

made and subsequently, on his own volition and for reasons not stated, complied with the request and forbore to do the thing which had been requested and refused. In such case, neither party would be bound to perform. This falls far short of constituting a contract or of stating any consideration upon which any valid contract could be based.

In holding that, because of plaintiff's failure to allege his acceptance of the offer alleged to have been made by the defendant, the complaint was defective, the court was applying and following the rule that has been settled by a long line of decisions in this state and which is as binding upon the court as upon litigants.

.Petition for rehearing denied.

BEAN, C. J., ROSSMAN and KELLY, J. J., concur.