ALBERT E. CULVER *v.* METROPOLITAN LIFE INSURANCE COMPANY.

(NOVEMBER 30, 1934.)

LAYTON, C. J., and RICHARDS, J., sitting.

*James M. Tunnell* for plaintiff.

', *ank M. Jones* for defendant.

Superior Court for Sussex County, No. 31, February Term, 1934.

LAYTON, C. J., delivering the opinion of the Court:

The declaration alleges that "the insured in said policy became totally and permanently disabled as a result of bodily injury or disease." The defendant has demurred, saying that the declaration is uncertain and indefinite in that material facts are stated in the alternative, and that it is impossible to determine whether the plaintiff relies upon disability resulting from bodily injury or disability result-
..1 disease.

Our system of pleading consists of the rules and system of common law pleading as they existed at the time of our independence, except as' changed by Constitution or Statute. *Campbell v. Walker,* 1 *Boyce* (24 *Del.*) 580, 76 *A.* 475. Pleadings should present an issue which, when joined, disclose a precise question for determination. *City of New Castle v. Toman,* 4 *Boyce* (27 *Del.*) 242, 88 *A.* 65. Pleadings are to be construed most strongly against the pleader. *Wells and Sappington v. Shreve's Adm'r,* 2 *Houst.* 329; *Derrickson v. Commissioners,* 3 *W. W. Harr.* (33 *Del.*) 412, 138 *A.* 645. See, also, *Hunter v. P., B. & W. R. Co.,* 1 *Boyce* (24 *Del.*) 5, 75 *A.* 962.

A pleading is bad under any system of practice when it states material facts in the alternative, so that it is impossible to determine upon which of several equally substantive averments the pleader relies for the maintenance of his action or defense. 6 *Ency. Pl. & Pr.* 268; *Stephen on*

*Pl.* 340; *Will's Gould on Pl.* 217; 21 *R. C. L.* 451; 49 *C. J.* 97; 1 *Chitty on Pl.* 226; *Macurda v. Lewiston Journal Co.,* 104 *Me.* 554, 72 *A.* 490; *Stone v. Graves,* 8 *Mo.* 148, 40 *Am. Dec.* 131; *Tifft v. Tifft,* 4 *Denio* (*N. Y.*) 175; *Goldman v. Harford Road Bldg. Ass'n,* 150 *Md.* 677, 133 *A.* 843; *Highland Ave., etc., Co. v. Dusenberry,* 94 *Ala.* 413, 10 *So.* 274; *Wheeler v. Thayn et al.,* 121 *Ind.* 64, 22 *N. E.* 972; *Note Ann. Cas.* 1914*A,* 1239; *Gainesville, etc., Ry. Co. v. Austin,* 122 *Ga.* 823, 50 *S. E.* 983.

The declaration here does not come within the modification or qualification of the rule established in some jurisdictions, as stated in 21 *R. C. L.* 451, which permits of an alternative allegation where by the declaration it appears that the exact relations between the defendants existing at the time the cause of action arose were not definitely known to any one but themselves, and for this reason the plaintiff is doubtful about the particular facts which he can establish on the trial, *Floyd v. Patterson,* 72 *Tex.* 202, 10 *S. W.* 526, 13 *Am. St. Rep.* 787; or, where the pleader has no knowledge as to which of two sets of facts, under either of which the opposite party would be equally liable. 49 *C. J.* 98; *note to Munn v. Cook,* 55 *Hun* 608, 8 *N. Y. S.* 698, 24 *Abb. N. C.* 314.

The plaintiff must know whether his disability has proceeded from bodily injury or disease. The defendant cannot be supposed to have that knowledge. The plaintiff, by the employment of several counts, may tender an issue as each cause of his disability. He is at no disadvantage, and there is no reason to modify or qualify the established rule of pleading.

The demurrer is sustained.