Argued January 29; reversed February 11, 1941

# VAN BEBBER *v.* BECHILL ET UX.

(109 P. (2d) 1046)

Before KELLY, Chief Justice, and BELT, BAILEY and LUSK, Associate Justices.

*Leroy Lomax,* of Portland, for appellant.
*John A. Beckwith,* of Portland, for respondent.

BAILEY, J.   This action was instituted by E. Van Bebber, doing business under the assumed name of Pacific Northwest Adjustment Co., against Fred J. Bechill and Etta Bechill, his wife, to recover on a promissory note for $1,000.   From a judgment entered against both defendants for the full amount of the principal of the note, with interest, attorney's fees and costs the defendant Etta Bechill has appealed.

The second amended complaint alleges that on April 5, 1930, Fred J. Bechill made, executed and delivered to Aleck Irvin and Agnes Irvin, his wife, his promissory note for $1,000, payable one year after date, with interest at eight per cent per annum; that thereafter there was paid on the note the interest to September 5, 1932; that during the month of July, 1937, Irvin and his wife called at the home of Fred J. Bechill and in the presence of Etta Bechill requested payment of the note or that Etta Bechill "sign the same as an accommodation party, whereupon and in consideration of the forbearance of said Aleck Irvin and Agnes Irvin, the said Etta Bechill signed said note and promised to pay upon demand the balance which was then and there owing provided said demand would not be made immediately''; and that in consideration of Etta Bechill's signing the note, the payees therein ''allowed said note to stand and extended the payment of the balance due thereon and took no action thereon until the filing of this suit.''   The plaintiff further alleges the assignment of the note to him for collection.

A demurrer to the second amended complaint was filed by the defendant Etta Bechill on the ground that

it did not state facts sufficient to constitute a cause of action against her, in that it failed to show any agreement for extension of time for the payment of the note as a consideration for her signature. This demurrer was overruled.

The defendant Fred J. Bechill made no appearance. Mrs. Bechill filed an answer, which admits the execution of the note by Fred J. Bechill. It denies, however, the signing of the note by Etta Bechill as an accommodation maker, and affirmatively alleges that there was no consideration for her signing the same. The additional affirmative allegations of the answer need not be referred to, for the reason that Mrs. Bechill introduced no evidence.

Trial was had before the court without the intervention of a jury. The plaintiff called as witnesses to prove the allegations of the second amended complaint Aleck Irvin and his wife, Agnes Irvin. Mr. Irvin testified that he and his wife called on Mr. and Mrs. Bechill at their home and while there asked Mr. Bechill about his wife's signing the note, and Mr. Bechill stated, according to Irvin's testimony, that he did not see why she shouldn't sign it. In this connection, Mr. Irvin testified: "We felt the condition he was in, we thought it would make us safer on the note and we would feel more like letting it go longer." Mr. Bechill, he stated, took the note into another room and came back with his wife's signature on it. Mrs. Bechill was not in the room when the conversation was had between the Irvins and her husband about obtaining her signature. Mr. Irvin and his wife did not talk to her about signing the note, nor did she sign it in their presence.

Mr. Irvin thus testified as to the conversation had with Mr. Bechill:

"Q. Well, now, then, did you have any agreement with Mr. Bechill about how long you would extend—further extend the payment of the note, or did you say anything to him at all about that? A. No. I told him after she had signed it that we would feel more like letting it run on now, in case anything should happen to him, it could be straightened up with her.

"Q. All you told him about it was after she had signed the note, then you told him you felt now like letting it run on longer? A. Yes, and I told him that before she signed it, too.

"Q. You told him if he would get her to sign it you would let it run along? A. No, I didn't come right out and tell him that. We told him we would feel more like letting it run longer if we had both their names on it.

"Q. Well, as a matter of fact, you didn't tell him before she signed the note that if she would sign it you would let it stand a while? A. I told him we would feel more like letting it run longer. Q. Was that before she signed the note? A. Before she signed the note and afterwards, too.

"Q. Then, to get that correct, you did tell him before she signed the note that if she signed it you would feel more like letting it stand longer? A. Yes.

"Q. But you didn't say how long or anything? A. No.

"Q. Before you told him that, though, did you tell him you were going to sue him then? A. No. Q. You never did threaten to sue him at all? A. No."

Mrs. Irvin's testimony was merely corroborative of her husband's, adding nothing to it.

At the close of the plaintiff's evidence the defendant Etta Bechill moved for nonsuit, on the following grounds: (1) that the second amended complaint does not state facts sufficient to constitute a cause of ac-

tion against the defendant Etta Bechill; (2) that the testimony is insufficient to prove that Etta Bechill "was an accommodation party" when she signed the note; (3) that the testimony fails to show any consideration for her signing the note; (4) that the testimony discloses that there was no agreement on the part of the Irvins for forbearance; and (5) that "there is no proof of presentation of this note or any proof of protest, and that the defendant Etta Bechill, being an indorser of the note, if anything, would be discharged by the failure of the plaintiff to make the presentation of this note as provided for in the statute". The motion for nonsuit was denied, and on Mrs. Bechill's failure to offer evidence the court entered findings of fact and rendered judgment thereon in favor of the plaintiff.

■ The signature of Etta Bechill appears on the face of the note at the bottom thereof, below that of Fred J. Bechill, as though that of a comaker of the note. Her signature was placed there more than seven years after the execution of the note by her husband and more than six years after the note matured.

Mrs. Bechill was not a party to the original transaction between her husband and the Irvins; and she did not sign the instrument by reason of any agreement between her husband and the Irvins at the time of the original transaction between them that she was to add her signature. The note had, some seven years before she affixed her signature to it, been fully executed and delivered according to the understanding of the parties to that instrument. The note had not been negotiated. It was assigned to the plaintiff only for the purpose of collection.

In the light of the foregoing facts, the undertaking of Mrs. Bechill in signing the note was a new and independent contract and to be binding upon her must be supported by a new consideration independent of that of the original contract between her husband and the Irvins: 7 Am. Jur., Bills and Notes, § 250, page 947; 10 C. J. S., Bills and Notes, § 145, page 600; *Merchants' State Bank v. Roline,* 200 Iowa 1059, 205 N. W. 863; *Hiatt v. Hamilton,* 215 Iowa 215, 243 N. W. 578; *King v. Wise,* Tex. Com. App., 282 S. W. 570; *Gage v. G. W. Van Dusen & Co.,* 156 Minn. 332, 194 N. W. 769; *Zadek v. Forcheimer,* 16 Ala. App. 347, 77 So. 941; *Babel v. Ransdell,* Mo. App., 294 S. W. 734; *Greenwood v. Lamson,* 106 Vt. 37, 168 A. 915.

In the case at bar there was no consideration whatever for the signing of the note by Mrs. Bechill. By his testimony Mr. Irvin made it clear that there was no agreement, either express or implied, to extend the time of payment or to forbear collection of the note. Had the Irvins made and fulfilled a promise to forbear enforcing payment of the note for a reasonable or definite time as an inducement for her signing the note, that promise would have been adequate consideration. Consideration may consist either of a benefit to the maker of the note or a detriment to the payee: 10 C. J. S., Bills and Notes, § 148, page 601; 7 Am. Jur., Bills and Notes, § 250, at page 948.

Mrs. Bechill was a mere volunteer, and neither she nor her husband derived any benefit from her signing the note, nor did the payees suffer any detriment or forego any right which they had under their contract with Fred J. Bechill. The payees could have instituted an action for the collection of the note immediately after Mrs. Bechill signed it. Mere forbearance or

delay of the payees to sue was not a good consideration for her signing the note. In addition to the forbearance there must have been a promise to forbear: *First National Bank v. Cecil*, 23 Or. 58, 31 P. 61; *Kornbrodt v. Equitable Trust Co.*, 137 Or. 386, 2 P. (2d) 236, 3 P. (2d) 127; *Shaw v. Philbrick*, 129 Me. 259, 151 A. 423, 74 A. L. R. 290. See also, *Davies v. Rea*, 77 Or. 648, 152 P. 267, and *Lewis v. Siegman*, 135 Or. 660, 296 P. 51, 297 P. 1118.

The motion of the defendant Etta Bechill for an involuntary nonsuit should have been allowed. The judgment appealed from is therefore reversed and the cause remanded with directions to the circuit court to set aside the judgment as to Etta Bechill and to enter judgment in accordance with her motion.