Argued May 17; reversed June 21; petition for rehearing
denied September 6, 1949

## PERSONS, ADMINISTRATOR *v.* RAVEN AND WEYERHAEUSER TIMBER CO.

207 P. 2d 1051

*Robert T. Mautz,* of Portland, argued the cause for appellants. On the brief were Wilbur, Beckett, Oppenheimer, Mautz & Souther, and David Sandeberg, all of Portland.

*Glenn R. Jack,* of Oregon City, argued the cause for respondent. On the brief were Butler, Jack, Beckett & Holman, of Oregon City.

Before LUSK, Chief Justice, and BRAND, ROSSMAN, BAILEY and HAY, Justices.

## HAY, J.

The defendants Crown Zellerbach Corporation and Weyerhaeuser Timber Company (hereinafter called the corporate defendants) own and operate a private logging highway known as the Molalla Forest Road. Defendant Sven Raven was a contract log hauler employed by Kip Logging Company, which Company was engaged as an independent contractor in the transportation of logs for defendant Crown Zellerbach Corporation.

By permission of the corporate defendants, defendant Raven, in the performance of his contract with Kip Logging Company, operated upon the Molalla Forest Road a log truck, with dual-axle trailer, having a combined weight, unloaded, of 18,500 lbs. Before granting such permission, the corporate defendants required Raven to agree to comply with all State or Molalla Forest Road safety regulations, and to procure public liability insurance "with a minimum of $50,000/$100,000 coverage and property damage insurance with a minimum of $5,000 coverage."

On May 22, 1947, one Hubert J. Persons was a passenger in an automobile which was being driven upon

a county road in Clackamas County, Oregon, which road intersected the Molalla Forest Road approximately at right angles. At about the center of the intersection, defendant Raven's empty truck, driven by him, collided with the automobile in which Persons was riding, and, as a result of the collision, Persons received injuries from which he died. The force of the collision was so great that the automobile was propelled sidewise by the truck a distance of some 60 feet, and the trailer, which was being carried upon the truck, was hurled forward over the front of the truck on to the top of the automobile. The automobile was completely demolished.

The administratrix of Persons' estate instituted the present action, for the benefit of Persons' widow and daughter, not only against Raven but against the corporate defendants as well. The complaint alleged that the death of plaintiff's decedent was caused by the concurrent negligence of all the defendants. It charged defendant Raven, in detail, with negligence in the operation of his truck, and the corporate defendants with negligence in the adoption and enforcement by them, as owners of the private logging road, of certain rules and regulations governing the operation of logging trucks thereon, whereby, it was asserted, they assumed and undertook to regulate and control completely the operation of logging trucks upon said road. Specifically, it was alleged, the corporate defendants were negligent (a) in failing to erect a stop sign, requiring truck operators to stop before entering the county road in question, and (b) in failing to require defendant Raven to stop his truck before entering said county road.

The answer of the corporate defendants was a general denial, save for formal admissions that they

maintained and operated the Molalla Forest Road, and that the defendant Raven, while driving a log truck thereon, was involved in the collision mentioned in the complaint, which collision resulted in the death of plaintiff's decedent.

At the trial of the action, it was stipulated by all parties that "a proximate cause of said collision was the negligence of the defendant S. Raven, who among other things did not stop before entering said county road while driving on said logging road and yield the right-of-way to the automobile in which the plaintiff's decedent was riding as a passenger".

After all the evidence had been introduced and the parties had rested, the corporate defendants moved the court for a directed verdict in their favor, upon the following grounds: (1) that the complaint failed to state a cause of action against them or either of them; (2) that the evidence failed to prove any negligence against them or either of them; and (3) that the evidence failed to prove any negligence upon the part of said defendants or either of them that was the proximate cause of the accident. Thereupon, the defendant Raven and the plaintiff each moved for a directed verdict. Upon this state of the record, the court dismissed the jury, denied the motion of the corporate defendants, and entered judgment in favor of plaintiff and against each and all of the defendants in the sum of $8,000, with costs. From such judgment, the corporate defendants have appealed to this court, assigning as error the refusal of the court to grant a directed verdict in their favor.

■ The theory of the plaintiff appears to be that, if the corporate defendants' safety regulations conflicted with state laws by prescribing a lower standard of care, the corporate defendants must be held to have

authorized and directed defendant Raven to adopt such lower standard of care rather than the higher standard imposed by the statute, and that, if the adoption of such lower standard of care was the proximate cause of the accident which brought about the death of plaintiff's intestate, then the accident was the result of the negligence of the corporate defendants to the same extent as if it had been brought about by their own direct act.

Section 115-338 (a), O. C. L. A., reads as follows:

"The driver of a vehicle entering a public highway from a private road or drive shall stop and yield the right of way to all vehicles approaching on such public highway."

This section is a part of the uniform act regulating traffic upon highways, as adopted in Oregon (ch. 360, Or. L. 1931). The plaintiff contends that it imposes upon the driver of a vehicle about to enter a public highway from a private road a duty to bring his vehicle to a complete stop, irrespective of whether or not other vehicles are approaching the intersection upon the public highway. The corporate defendants, to the contrary, say that the statute is simply a right of way statute, under which there is no absolute duty upon the part of such a driver to bring his vehicle to a stop, except in the event that another vehicle is approaching upon such public highway. Under the view that we take of the evidence, however, we are able to arrive at a decision of the case upon the facts, and, therefore, are not required to resort to judicial construction of the statute. 59 C. J., Statutes, section 563.

■ The rule of the vicarious liability of the employer of an independent contractor for harm sustained as a result of the carrying out by the contractor of specific

orders or directions negligently given by the employer is thus stated:

> "The employer of an independent contractor is subject to the same liability for bodily harm caused by an act or omission committed by the contractor pursuant to the orders or directions negligently given by the employer, as though the act or omission were that of the employer himself."

Restatement, Torts, section 410.

■ The mere issuance of safety regulations by the corporate defendants may not be regarded as the giving of orders or directions to the independent contractor. The regulations did no more than to emphasize upon the independent contractor the necessity that he should exercise due care in his operations. *Gall v. Detroit Journal Co.*, 191 Mich. 405, 158 N. W. 36, 19 A. L. R. 1164; *Arthur v. Marble Rock Consolidated School Dist.*, 209 Ia. 280, 228 N. W. 70, 66 A. L. R. 718; *Scales v. First State Bank*, 88 Or. 490, 172 P. 499.

> "An employer cannot be charged with liability on the theory that it is his duty to insert in a contract an affirmative provision to the effect that the contractor shall not be guilty of negligence. 'The law always implies that every person who is authorized to do any act which, if it is done improperly, may injure his neighbor, will do that act without negligence, and such an implication is a necessary part of every contract.' Still less can an employer be held responsible on the ground that the injury was a natural and probable result of his contract, where that instrument expressly provides that the stipulated work shall be carefully done, and the injury complained of would not have occurred had that provision been observed."

Anno., 18 A. L. R. 817.

The corporate defendants' safety regulations are contained in a booklet called "Logging Truck Safety—

Molalla Forest Road", issued in March, 1947. They include, among others, the following:

"INTERSECTIONS (Other than Traffic Lights)

"1. When approaching a crossing or intersection be certain to *have your truck under control* and in the proper gear. Look both ways. Be prepared to stop and do so if there is any possible chance of collision. Always give the traffic on the public highway or road right-of-way *at all times.*

"2. The speed at all intersectional crossings by log trucks is not to exceed *20 miles per hour.*"

"    *    *    *

"Nothing is contained in these regulations that shall be so construed as to relieve the driver of the responsibility in any case of exercising caution at all times.

"    *    *    *

"Speed Regulations

"Excessive speed is the most common cause of traffic accidents.

|  | "Miles per Hour |
|---|---|
| "Maximum Road Speed | 45 |
| "Traffic Signal Light Crossings | 20 |
| "County Crossings | 20 |
| "All Other Crossings Marked | 20 |
| "One-way Bridges | 20 |
| "Approaching Shop, Landing and Boom | 15 |
| "Passing Graders and Other Maintenance Equipment on Road | 15 |
| "Sharp Curves | 15 |

"Special Note

"These are maximum speeds and lesser speeds are to be used when necessary to keep your truck under control.

"Stop in any case to avoid collision. Let the other fellow have the right of way if there is any possibility of an accident.

"    *    *    *

"Remember speed must be governed at all times by existing circumstances and conditions.

" * * *

"Do not depend on your truck for a sudden stop. Keep your truck under control."

There was no stop sign at the intersection, but the corporate defendants had erected at a point upon their private roadway, 200 feet from the intersection, a large sign reading: "Slow, road crossing, 200 feet." If, as the safety regulations required him to do, defendant Raven had approached the intersection maintaining a proper lookout, with his truck under control, and driving at a speed not exceeding 20 miles an hour, in all probability the collision would not have taken place. Moreover, the basic rule (section 115-320, O. C. L. A., as amended by ch. 458, Or. L., 1941) required him not to have driven at a speed greater than would permit him to exercise proper control of his vehicle and to decrease speed or to stop as might have been necessary to avoid colliding with any person or vehicle on or entering the highway.

■ It is suggested that, in so far as the safety regulations required Raven "to comply with all State *or* Molalla Forest Road safety regulations", he was given a choice as to whether he would follow the state law or the safety regulations in the event the two should conflict. Although it is not apparent that there was actually any conflict between the safety regulations and the state law, nevertheless, if there was such conflict, it will be presumed that the state law would govern. If, in order to enhance such a presumption, it is necessary to construe the conjunction "or" as "and", we think that this may be done where, as here,

the circumstances indicate that the parties intended to be bound by the law. *Kornbrodt v. Equitable Trust Co.*, 137 Or. 386, 2 P. 2d 236, 3 P. 2d 127. A strained construction, imputing an intention to violate the law, should be avoided. 20 Am. Jur., Evidence, section 226.

■ Plaintiff seeks to take advantage, on this appeal, of an offer of proof which was made by defendant Raven at the trial, and which was rejected by the court, to the effect that Raven would testify, if permitted, that the Molalla Forest Road intersected thirteen county highways, and that logging trucks passed over such forest road at the approximate rate of one every three minutes. This offer of proof, as stated, was made by Raven and not by plaintiff, and, in any event, it was properly rejected, as the proof would have been irrelevant to the cause of action as pleaded. There was nothing in the complaint to indicate that plaintiff sought to hold the corporate defendants liable upon the theory that the operations of defendant Raven, in transporting logs over the Molalla Forest Road, were inherently or intrinsically dangerous, that is to say, "necessarily attended with danger, however skillfully and carefully performed." *Engel v. Eureka Club,* 137 N. Y. 100, 32 N. E. 1052, 1053; *Bower v. Peate* (1876) 1 Q. B. D. 321; Harper on Torts, section 292, p. 648; Shearman and Redfield on Negligence, Rev. Ed., section 177. Nor did the complaint show that Raven was using the road in a manner involving danger to persons upon intersecting highways, and that the corporate defendants had had timely notice of such fact. *Fletcher v. Baltimore & Potomac R. R.,* 168 U. S. 135, 18 S. Ct. 35; *Hogle v. Franklin Mfg. Co.,* 199 N. Y. 388, 92 N. E. 794. Raven, if he had exercised due care, could have used the logging road safely for the pur-

poses for which permission to use it had been granted him.

" * * * But if the act to be done may be safely done, in the exercise of due care, although in the absence of such care injurious consequences to third persons would be likely to result, then the contractor alone is liable, provided it was his duty, under the contract, to exercise such care. McCafferty v. Railroad Co., 61 N. Y. 178; Conners v. Hennessey, 112 Mass. 96; Butler v. Hunter, supra [7 Hurl. & N. 825]."

*Engle v. Eureka Club*, supra.

The corporate defendants, of course, are answerable only for the negligence charged against them in the complaint.

It is apparent that Raven grossly violated not only the safety regulations but the statute regulating traffic upon highways as well. The plaintiff failed to prove that the accident resulted from any negligence on the part of the corporate defendants. On the contrary, the evidence shows clearly that the proximate cause of the accident was Raven's negligence as above stated. Such negligence was not a natural or probable consequence of any act of the corporate defendants, whether in granting Raven a permit to use their logging road or in requiring him to undertake obedience to the statutory regulations and their own safety regulations. *Aune v. Oregon Trunk Railway*, 151 Or. 622, 51 P. 2d 663.

We are of the opinion that the trial court should have allowed the motion of the corporate defendants for an order directing a verdict in their favor. The judgment, in so far as it is against such corporate defendants, Crown Zellerbach Corporation and Weyerhaeuser Timber Company, will be reversed, and the cause will be remanded with directions to enter judgment in their favor.