Argued and submitted June 3, affirmed November 9, 1983

## REID-STRUTT, INC.,
*Respondent,*

*v.*

## WAGNER,
*Appellant.*

(A8111-06865; CA A26208)

671 P2d 724

Edward J. Benett, Portland, argued the cause for appellant. With him on the briefs was Morrison, Dunn, Carney, Allen & Tongue, Portland.

Lee A. Hansen, Portland, argued the cause for respondent. With him on the brief was Brown & Hansen, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

This is an action for damages arising out of an alleged breach of contract. Defendant appeals a judgment awarding plaintiff $31,500. We affirm.

Defendant, a real estate developer, sold a 20.3-acre parcel in an industrial park to American Sheet Metal, Inc. (American) in 1970. As a condition of the sale, defendant granted American a perpetual nonexclusive easement 60 feet in width that ran along the entire western boundary of the parcel on property of defendant. The easement was for roadway purposes, and defendant also executed a covenant to construct a 60-foot wide paved, curbed road thereon. Construction was to be completed within six months. The easement agreement provided that both the easement and covenant to construct a road were "appurtenant to and [ran] with the land so benefited or burdened."

In October, 1974, plaintiff purchased the entire parcel from American. At that time, defendant had not constructed the road as agreed. Plaintiff and defendant had numerous discussions about completing the road, but no progress was made. In May, 1975, plaintiff sold a 3.2-acre portion of the parcel to Kenneth Hall and Wiley Stoddard, Jr. As part of the sale agreement, plaintiff conveyed a portion of the easement that was adjacent to the 3.2-acre parcel and agreed to cause defendant to pave a 60-foot wide, curbed road thereon. In the summer or fall of 1975, plaintiff discovered that defendant had caused a railroad spur track to be laid along the entire length of the western half of the easement. Plaintiff demanded that the tracks be removed and that the road be constructed. Hall and Stoddard, in turn, pressed plaintiff for completion of the road next to their lot. Finally, the parties got together on January 21, 1976, to resolve the matter. An oral agreement was hammered out, which provided that defendant would pave a 30-foot wide road, curbed on one side, along the length of Hall's and Stoddard's lot. Hall and Stoddard agreed to accept that modification in lieu of the wider road they had been promised. Plaintiff testified that the narrower road was agreed on because it was a compromise which they hoped would get the road built and because it avoided the problem of paving over or removing the railroad tracks, alongside which it was to run. Defendant did not

construct the road as agreed. Hall and Stoddard sued plaintiff in 1980 to enforce the sale agreement. They secured a judgment for $35,147.50, the cost of constructing the road. In 1981, plaintiff filed this action against defendant.

Defendant raises three assignments of error: (1) plaintiff is not a proper party to enforce the 1970 covenant; (2) plaintiff cannot sue on the 1970 covenant, because ORS 12.230[1] prevents the subsequent oral agreement from tolling the statute of limitations,[2] which consequently had run when the action was filed;[3] and (3) the alleged oral agreement of 1976 is not binding on defendant, because it was not proven at trial that the agreement was supported by consideration.

Defendant's first assignment of error can be disposed of quickly. The covenant to construct a road specifically provided that the work would be completed within six months of the date of the easement agreement. The covenant, therefore, was breached six months later, because no work had been done on the road. A covenant running with the land ceases to run as soon as it has been breached. *Wallace et ux. v. Paulus Bros. Co.*, 191 Or 564, 570, 231 P2d 417 (1951); *Pearson v. Richards et al.*, 106 Or 78, 86, 211 P 167 (1922). Plaintiff accordingly acquired no right to enforce the covenant when it purchased the land in 1974. Plaintiff was, therefore, not a proper party to enforce the covenant.

Instead, our attention is focused on whether a binding oral obligation arose in January, 1976, between plaintiff and defendant. We agree with the trial court's findings that an oral contract was entered into by the parties in January, 1976, and that it was supported by sufficient consideration.

---

[1] ORS 12.230 provides:

"No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this chapter, unless the same is contained in some writing, signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

[2] ORS 12.080 provides, in pertinent part:

"(1) An action upon a contract or liability, express or implied, * * *

"* * * * *

"shall be commenced within six years."

[3] Because we conclude that plaintiff is not a proper party to sue on the 1970 covenant, we do not reach the issues raised in defendant's second assignment of error.

■ Forbearance of a claim coupled with an actual agreement to forbear is valid consideration. *First National Bank v. Murray,* 138 Or 255, 262, 6 P2d 233 (1931); *Lewis v. Siegman,* 135 Or 660, 663, 296 P 51, 297 P 1118 (1931); *First National Bank v. Cecil,* 23 Or 58, 62, 31 P 61 (1892). In its pleadings, and throughout these proceedings, plaintiff has consistently maintained that its forbearance in not trying to force defendant to remove the spur tracks was the consideration that supported defendant's 1976 promise to pave a 30-foot wide road. Plaintiff did not, however, put on evidence of an express promise to forbear. There is nevertheless sufficient consideration in this case, because a promise to forbear may be inferred from the fact of forbearance and the circumstances under which it was exercised. *Title and Trust Co. v. Nelson,* 157 Or 585, 593, 71 P2d 1081 (1937); *First National Bank v. Murray, supra; Kornbrodt v. Equitable Trust Co.,* 137 Or 386, 392, 2 P2d 236, 3 P2d 127 (1931).

■ Plaintiff had the right to use the easement, although nonexclusive, for a 60-foot wide road. Defendant's placement of spur tracks on half of it was inconsistent with plaintiff's rights. Plaintiff refrained from taking action respecting the easement. That forbearance arose in the context of a continuing dispute with defendant. When the parties met in January, 1976, to try to settle things, one important factor in their discussions was avoiding having to make defendant remove or pave over the tracks. So they orally agreed that defendant would build and plaintiff (and Hall and Stoddard) would accept a 30-foot wide road, which would have been completely compatible with the spur tracks. Under the circumstances, an oral promise to forbear by plaintiff can easily be inferred. Accordingly, the 1976 oral agreement was supported by consideration[4] and, therefore, was breached by defendant's refusal to perform.

Affirmed.

---

[4] There is also support for the proposition that a compromise settlement of a disputed claim made in good faith is sufficient consideration for a contract. *See Ruble For. Prod. v. Lancer Mob. Homes,* 269 Or 315, 320, 524 P2d 1204 (1974); *Hodges Agency, Inc. v. Rees and Stover,* 202 Or 139, 272 P2d 216 (1954); 1A Corbin on Contracts § 187 (1963). However, elaboration on this point would be redundant, given our holding.