**FIDELITY AND GUARANTY INSURANCE COMPANY, an Iowa corporation, Plaintiff–Appellee,**

v.

**ARLYN DAVIS CONSTRUCTION LLC, an Oregon limited liability company, Defendant,**

**and**

**Gross & Son, Inc., an Oregon corporation; A.W. Davis, individually; Frieda Davis, individually; E. Gene Gross, individually, Defendants–Appellants.**

**No. 00–35657.**

**D.C. No. CV–00–00031–REJ.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2001.[*]

Decided Sept. 20, 2001.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before THOMPSON, LEAVY, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Gross & Son, Inc., A.W. Davis, Frieda Davis and E. Gene Gross (collectively "the defendants") appeal the district court's judgment, entered after a bench trial, enforcing an indemnity agreement and awarding attorney fees in favor of Fidelity and Guaranty Insurance Company. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

` The district court concluded that Fidelity's forbearance from taking actions it legally was entitled to take constituted consideration for the indemnity agreement. That conclusion was not erroneous. Fidelity could have notified the City of McMinnville that it was revoking the performance and completion bonds, and it could have attempted to do just that. Instead, it forbore such action, and there is substantial evidence that it did so in exchange for the defendants' indemnity agreement.

Fidelity did in fact forbear—it did not revoke the bonds, nor attempt to do so. The defendants did in fact enter into the indemnity agreement, and they did so in response to Fidelity's threats to revoke the bonds if a personal guaranty was not signed. The defendants had a personal stake in Arlyn Davis Construction, the general contractor who contracted with the City for work on the reservoir project. Arlyn's attorney wrote to Fidelity stating that any documentation "including a personal guaranty" reasonably necessary to assure Fidelity that its bonds were secure would be provided. The defendants entered into the indemnity agreement five days after this letter was written.

The defendants argue that even if there was an agreement for forbearance in exchange for their indemnity agreement, that agreement is unenforceable because Fidelity's act of forbearance is insufficient to create a binding contract. Oregon law, however, is to the contrary. *See Title & Trust Co. v. Nelson*, 157 Or. 585, 71 P.2d 1081, 1084–85 (1937); *Reid–Strutt, Inc. v. Wagner*, 65 Or.App. 475, 671 P.2d 724, 726 (1983). The defendants' reliance on *Cowles Pub. Co. v. McMann*, 25 Wash.2d 736, 172 P.2d 235 (1946) (en banc), a Washington state case, is unavailing. The defendants in *Cowles* were not aware of the plaintiff's asserted "forbearance" until after the plaintiff sued to recover on the guaranty. *Id.*

The defendants also contend that Fidelity's forbearance did not provide consideration for the indemnity agreement because the bonds were "irrevocable." For this argument the defendants rely on Colorado law and the case of *Tanco, Inc. v. Houston General Ins. Co.*, 38 Colo.App. 133, 555 P.2d 1164 (1976). *Tanco*, however, involved the issue of whether a bond had

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

been delivered and thus operative in the legal sense. It did not address the question of revocation following delivery. *Id.* at 1165–66. In any event, the defendants' argument that the bonds were irrevocable misses the mark. The question is not whether they were irrevocable, but whether Fidelity had a good faith belief that it had a valid right to revoke them. *See Title & Trust Co.,* 71 P.2d at 1084–85. The evidence clearly established that Fidelity had such a belief. At the time the bonds were issued, Arlyn was financially unstable. Arlyn did not inform Rothrock of its financial difficulties. Fidelity first learned of the bonds about three weeks after Rothrock had issued them. Fidelity expressed concern about Arlyn's financial condition, and considered the issuance of the bonds a clear violation of Rothrock's power of attorney. Through Rothrock, Fidelity informed the defendants that it was going to revoke the bonds, and it has consistently maintained that an action to revoke them would have had a reasonable chance of success.

In sum, the district court's findings are not clearly erroneous and it correctly applied the relevant Oregon law.

AFFIRMED.