ANNIE SHAW ET ALS *vs.* FRED L. PHILBRICK.

Aroostook.     Opinion August 12, 1930.

*Earlon K. Guild,*
*H. T. Powers,* for plaintiffs.
*Cyrus F. Small,* for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Farring-ton, JJ. Philbrook, A. R. J.

Dunn, J.   An action of assumpsit on the written promise of the defendant to pay plaintiffs three thousand dollars on the fore-closure of a real estate mortgage.  Plea, general issue; brief state-ment sets up no consideration.  Directed verdict for defendant. Case forward on bill of exceptions.  Exception overruled.

The mortgagor, Mr. Horace W. Patten, a Limestone man, died in 1925. Two of the plaintiffs, children of the decedent, him surviv-ing, are his heirs at law.  One of these plaintiffs is an infant.  Mi-nority and the consequent right to avoid, which the brief for the defendant calls to attention, may give a motive for not making a contract with a minor, but the disability of infancy is a personal privilege. *Towle* v. *Dresser*, 73 Me., 252. An infant may sue, though he may not be sued on his contract. There are some excep-tions to this general rule, but none of present relation.

The third plaintiff, sole witness on that side of the case (admis-sion supplementing her testimony), testifies that she is grand-mother to the other plaintiffs and creditor of the estate of their deceased father. Besides, she identifies, as having been given to her by the defendant, in the presence of the major heir, the writing underlying this action, which instrument this opinion presently recites. Of the writing, she informed the minor plaintiff. Such, briefly told, is what the witness says.

Three years after the death of the mortgagor, the mortgage was assigned to the defendant, who gave newspaper notice of his inten-tion to foreclose the right of redemption. Ten days afterward, that space less than the original one year foreclosure period then re-maining, the writing was signed and delivered. It reads:

"Limestone, Maine;
March 3rd, 1928

"I, Fred Philbrick of Fort Fairfield, County of Aroostook and State of Maine, hereby agree to pay the sum of Three Thousand ($3000) dollars to Mrs. Annie Shaw, George Pat-ten and Beecher Patten all of Limestone, in County and State

aforesaid, as soon as the mortgage which I own on the farm in Limestone, known as the Horace Patten farm, said farm is bounded and described as follows; on the east by Boundary Line; on south by highway; on west by land of Fred Philbrick; on north by the south line Caswell Plantation; said mortgage is to be foreclosed by me and this amount of $3000, to be paid as soon as foreclosure expires; providing said foreclosure of mortgage expires in my own name.

"Signed this third day of          "Fred L. Philbrick
March, 1928, in presence
of Louis A. Cyr."

On the expiration of foreclosure, defendant was still assignee of the mortgage.

Counsel for plaintiff argues that, from acceptance of the writing, absence of redemption, and expiration of foreclosure in the name of the defendant, sufficient consideration for his unit promise necessarily ensues.

The words in the document express the meaning convention has attached to them. There is but an offer, or agreement, as defendant himself in testifying puts it, to pay the offerees, now plaintiffs, a certain sum of money, if foreclosure of the mortgage expires in the name of the offeror, he being this defendant. The source of the offeror's inspiration, the writing does not state. Nor does the writing look to mutual interchange of promises.

If one man promise to pay another man a definite amount of money providing he will call for it at a particular time, the contract is binding; because performance of the condition is an inconvenience to the promisee. The doing of the act ipso facto performs the obligation of him to whom the promise is made. *Train* v. *Gold*, 5 Pick., 380, 384. The same may be said of a promise to reward the apprehension of a criminal, where making the arrest, within a reasonable time and before revocation of the offer, merges mere proposal in a contract. *Mitchell* v. *Abbott*, 86 Me., 338.

Citation of the books could be multiplied. But each case so much depends on its own peculiar facts, as to afford little aid in cases of differing facts, beyond supporting the general proposition that,

apart from contracts under seal and contracts of record, every contract, written as well as oral, requires a consideration.

In the judicial reports, running parallel with decisions wherein consideration is based on benefit to the promisor, are decisions that when, on the part of the promisee, who was under no duty to do so, there has been an act, or omission to act, at the request of the promisor and upon the strength of his promise, which act or omission occasioned the promisee disadvantage, trouble, or prejudice, though slight and not actually harmful, there is legal value. In a legal sense, there is detriment. And detriment constitutes a valuable consideration. *Bigelow* v. *Bigelow*, 95 Me., 17.

This does not mean, however, that to establish a legal contract to forbear, forbearance being a delay in enforcing rights, it would meet procedural requirement simply to allege and prove the inducement of postponement by a promise. There must be proof, allegation permitting, of request to forbear, of promise to forbear, followed by forbearance for the time specified, or for a reasonable time when no definite time is named. The doctrine is legal and historical. *Moore* v. *McKenney*, 83 Me., 80; *Hay* v. *Fortier*, 116 Me., 455.

Evidence to prove requests and promises need not be direct. Requests and promises, like other facts, may be inferred from accompanying circumstances. In the instant case, the situation in evidence does not furnish a basis for inferential proof. Deduction there can not justifiably be that, at the request of the defendant, and on the faith of his promise, the plaintiffs, or any of them, agreed not to redeem the mortgage.

"Detriment," as the law defines the term, is not gatherable from the record. In consequence of the writing, none of these plaintiffs stood obliged to speak or to act. Silence does not imply assent to terms, when there are no terms. Oftentimes, inaction is consistent with the rejection of proposals.

Forbearance, at request, is a valid consideration. *King* v. *Upton*, 4 Me., 387. Not so, in the absence of both request and promise to forbear. *Lambert* v. *Clewley*, 80 Me., 480.

True enough, these plaintiffs did not redeem the mortgage, but that the reason therefor was consent to request, in reliance on the

promise of the defendant, is not shown. No promise on the part of plaintiffs ever was barrier to redemption. There was no quid pro quo.

In ordering verdict for defendant, the trial judge ruled, in effect, that, as in *Lambert* v. *Clewley*, supra, a contract to forbear had not been proved.

The exception is not sustainable.

*Exception overruled.*