Rockingham,
No. 5135.

MARIE L. GOULET

*v.*

WILLIAM GOULET.

Argued June 4, 1963.
Decided July 9, 1963.

*Fisher, Parsons, Moran & Temple* (*Mr. Robert H. Temple* orally), for the plaintiff.

*Burns, Bryant & Hinchey* and *Joseph P. Nadeau* (*Mr. Nadeau* orally), for the defendant.

BLANDIN, J. The first issue before us is whether the effect of the covenant not to sue the defendant, which was signed by the plaintiff, is governed by the laws of Maine or New Hampshire. The material portions of the instrument read as follows: "In consideration of the payment of one dollar ($1.00) receipt of which is hereby acknowledged, the undersigned hereby expressly covenants and agrees not to [sue] or to proceed after the date of the execution hereof with any suit or proceeding of any kind against William Goulet, either severally or jointly with any other person, on account of injuries claimed to have been sustained by me on March 21, 1954 at Raymond, N. H. and that undersigned will execute a full release of all claims and demands against my husband Wm. Goulet growing out of said alleged accident on demand.

Dated April 2, 1954.
Marie L. Goulet(Seal)"

While the accident from which these proceedings arose happened in New Hampshire, the covenant was signed in Maine by a party domiciled there. As we interpret its terms they are inclusive to the end that the plaintiff wife agreed not to sue her defendant husband on account of the accident anywhere or at any time. In these circumstances and in the absence of any reasonably clear indication of the parties' intention that the laws of any other jurisdiction should control, we believe that the validity and effect of the instrument is to be governed by the law of the place where it was signed and where both parties were domiciled. *Hinchey* v. *Surety Company*, 99 N. H. 373, 377; Restatement, Conflict of Laws, *ss.* 332, 335. We therefore hold that the law of the state of Maine is controlling.

The defendant bases his defense on the sole proposition that the plaintiff "for consideration" executed this covenant not to sue him and further agreed to sign a full release of all claims and demands against him. Although the Court found that no consideration was given for the covenant not to sue, yet under the law of Maine a seal implies a consideration and the want of it cannot be averred against an instrument under seal. *Tucker* v., *Smith*, 4 Me. 415, 419; *Wing* v. *Chase*, 35 Me. 260; see *Shaw* v. *Philbrick*, 129 Me. 259. The case of *Goodwin* v. *Amusement Company*, 129 Maine 36, also states that neither the absence nor the failure of consideration avails to overcome the binding legal effect of a seal. *Id.*, 42. No Maine cases have been called to our attention which indicate any departure

from this established rule.

What we have said renders unnecessary consideration of other issues and the order is

*Exception sustained.*

All concurred.