**George D. WHITTEN**

v.

**Shirley C. GREELEY–SHAW.**

Supreme Judicial Court of Maine.

Argued Nov. 14, 1986.
Decided Feb. 19, 1987.

Court (Cumberland County) committed error when it entered judgment against her upon a promissory note in favor of the Plaintiff, George D. Whitten, in a foreclosure action, and when the court refused to recognize a certain writing entered into by the parties as a valid contract, that writing being the basis of the Defendant's counterclaim.

We reject both of the Defendant's claims of error and deny the appeal.

 The Defendant's first claim of error originates from the foreclosure action brought by the Plaintiff pursuant to 14 M.R.S.A. § 6321 *et seq.* (1980 & Supp.1986). As assignee of a promissory note secured by a mortgage deed of a home in Harpswell, he sought to foreclose due to the Defendant's failure to pay any portion of the $64,000.00 long since overdue him on the promissory note. The Defendant alleged that she was the owner of the home, that it was given to her by the Plaintiff as an incident of their four-year romantic relationship, and as assistance toward her efforts to start life anew with her fiancee. While the Defendant admits to having executed both the promissory note and the mortgage deed in favor of the Plaintiff's assignor, she argues that neither the Plaintiff, nor his attorney (who was the assignor), had informed her of what the documents were that she was signing, their legal significance, or that she would be responsible for annual payments on the note. She claims that it was not until a week later, when photocopying the documents, that she thoroughly examined them and realized their legal significance. Not until the foreclosure action was commenced, however, did she make known to the Plaintiff her misunderstanding.

The Plaintiff asserts that at all times the funds he advanced to the Defendant to purchase the home was in the form of a loan, and that both he and his attorney made this clear to the Defendant. He testified that he had encouraged her to purchase a home in Maine and that he originally had his attorney's name on the deed and

Kelly, Remmel & Zimmerman, Richard W. Mulhern (orally), Portland, for plaintiff.

Law Offices of George Carlton, Jr., William C. Leonard (orally), Bath, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

NICHOLS, Justice.

On appeal the Defendant, Shirley C. Greeley-Shaw, contends that the Superior

note to save himself possible embarrassment.

While she alleges facts that might possibly give rise to claims of misrepresentation or breach of fiduciary duty, the Defendant does not expressly claim either ground for relief. Based upon evidence adduced at trial, that included the deposition of a second attorney who actually conducted the closing, there was ample evidence to support the finding of the Superior Court that the Defendant was aware of the nature of the documents and her legal responsibilities, and entered into the contract voluntarily. It is to no avail that the Defendant objects to the contents of a contract, that she admits she "barely looked at", despite having been given the opportunity, and indeed encouragement, to read. *Great Northern Mfg. Co. v. Brown*, 113 Me. 51, 92 A. 993 (1915); *Maine Mutual Ins. Co. v. Hodgkins*, 66 Me. 109 (1876).

Emerging as a counterclaim to the Plaintiff's foreclosure action is the Defendant's request that the court enforce the terms of a written "agreement" entered into by the parties. The parties had engaged in an intermittent extra-marital affair from 1972 until March, 1980. At the time of this writing the Plaintiff, a Massachusetts contractor, had travelled to his Bermuda home to vacation with friends, and expected to soon be joined there by his wife. The precise facts surrounding the creation of the agreement are in dispute. However, it is the testimony of the Defendant that she wanted to have "something in writing" because of all the past promises to her that she said the Plaintiff had broken. She testified that the Plaintiff told her, "You figure out what you want and I will sign it." She added that she unilaterally drew up the "agreement" while in Bermuda, and the Plaintiff signed it without objection. There was an original and a copy, and only he signed the original.[1]

On his part the Plaintiff testified that he had agreed to visit with the Defendant, who had come to his Bermuda home uninvited, because "[S]he demanded I see her

or she would come up and raise hell with my friends" and embarrass him in front of his wife.

Basically, the "agreement" is a one-page typewritten document, prepared by the Defendant, that begins "I, George D. Whitten ... agree to the following conditions made by Mrs. Shirley C. Shaw ..." and then goes on to list four "conditions" required of the Plaintiff. The "conditions" require the Plaintiff to make payments to the Defendant of $500.00 per month for an indeterminate period, make any "major repairs" to the Harpswell home, pay for any medical needs, take one trip with the Defendant and supply her with one piece of jewelry per year, and visit and phone the Defendant at various stated intervals. The only "condition" that approaches the recital of a promise or duty of the Defendant is the statement "[U]nder no circumstances will there be any calls made to my homes or offices without prior permission from me."

The Plaintiff contends that, *inter alia*, this writing is unenforceable because of a lack of consideration. The Defendant argues that the writing is enforceable because there is the necessary objective manifestation of assent on each side, supported by the "stated" consideration of the Defendant not to call the Plaintiff without his prior permission, that, she asserts, constituted her "promise."

The Superior Court found that no legally enforceable contract had been created. We agree. Every contract requires "consideration" to support it, and any promise not supported by consideration is unenforceable. *Zamore v. Whitten*, 395 A.2d 435, 440 (Me.1978). The Defendant asks this Court to recognize the "agreement" as an enforceable bilateral contract, where the necessary consideration is the parties' promise of performance. 1 S.Williston, *A Treatise on the Law of Contracts* § 13 (3d ed. 1957). Generally, the Defendant's promise to forbear from engaging in an activity that she had the legal right to

---

1. Only the original was produced at the trial.

engage in, can provide her necessary consideration for the Plaintiff's return promises. *Shaw v. Philbrick,* 129 Me. 259, 262, 151 A. 423, 425 (1930); 1 *Williston* § 135. However, the Plaintiff's allegation of lack of consideration draws attention to the bargaining process; although the Defendant's promise to forbear could constitute consideration, it cannot if it was not sought after by the Plaintiff, and motivated by his request that the Defendant not disturb him. *Id.; see also, Burgess v. Queen,* 124 N.H. 155, 470 A.2d 861, 865 (1983). Of this there was no evidence whatsoever. This clause, the only one that operates in the Plaintiff's favor, was only included in the contract by the Defendant, because, she asserts, she felt the Plaintiff should get something in exchange for his promises. Clearly, this clause was not "bargained for" by the Plaintiff, and not given in exchange for his promises, and as such cannot constitute the consideration necessary to support a contract. *Zamore,* 395 A.2d at 444; *see also, Restatement (Second) of Contracts* §§ 75, 71(1)(2) (1982).

The entry is:

Judgment affirmed.

All concurring.