STATE OF MAINE                         SUPERIOR COURT
HANCOCK, SS.                           CIVIL ACTION
                                       Docket No. CV-04-15
                                       JLH - HAN- 3/ 2005


David C. Denis,
       Plaintiff


       v.                              Order (Cross-Motions for
                                       Summary Judgment)


The Sunbury Group, Inc. et al.,              DONALD L.
       Defendants


                                             MAY   7  2005

       Pending before the court is the plaintiff's motion for summary judgment on all

eleven counts of the complaint and the defendants' joint cross-motion for summary

judgment on three of those counts. The court has reviewed the parties' submissions on

the motions at bar.

       Summary judgment is proper only if the record on summary judgment shows that

there are no genuine issues of material fact and that the movant is entitled to judgment as

a matter of law. *See* M.R.Civ.P. 56. To survive a motion for a summary judgment, the

opposing party must produce evidence that, if produced at trial, would be sufficient to

resist a motion for a judgment as a matter of law. *Rodrigue v. Rodrigue*, 1997 ME 99, ¶8,

694 A.2d 924, 926. "'A fact is material when it has the potential to affect the outcome of

the suit.'" *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d 169, 172. The

court does not consider any part of the record not specifically referenced in the parties'

statements of material facts. M.R.Civ.P. 56(h)(4); *see also Gilbert v. Gilbert*, 2002 ME

67, ¶ 15, 796 A.2d 57, 60-61; *Prescott v. State Tax Assessor*, 1998 ME 250, ¶ 5, 721 A.2d

169, 172. On a summary judgment motion, the court cannot decide an issue of fact even

if the opposing party's chances of prevailing at trial on that issue are improbable. *Cottle

Enterprises, Inc. v. Town of Farmington*, 1997 ME 78, ¶ 11, 693 A.2d 330, 334.

       This action is based on claims made by David Denis against two former

employers, The Sunbury Group, Inc. and Tinrocks LLC, and against Albert L. Smith, III,

1

who was the president and majority shareholder of the two corporate defendants. Denis seeks recovery for several principal categories of damages:

1) unpaid wages and statutory damages (liquidated damages, attorney's fees, etc.) flowing from unpaid wages;

2) reimbursement for expenses that Denis paid on behalf of the corporations (a total of $6,154.28), and interest that accrued on Denis's credit account while the balances remained outstanding;

3) reimbursement for a civil penalty assessed by the IRS against Denis due to an arrearage of payroll taxes.

Denis has framed his claims in several ways. Invoking several theories of liability, he has asserted claims against the corporations based on the amounts that he claims accrued against them in the first instance. In other words, he has filed claims against Sunbury for the amounts that it owes him based on his employment with that entity, and he has filed similar, segregated claims against Tinrocks. These counts are set out in counts 1-8 of the complaint. Neither Sunbury nor Tinrocks opposes Denis' motion for summary judgment on these counts.[1]

In count 9, Denis expands his segregated claims against Sunbury and Tinrocks, contending that a written agreement renders both of them liable jointly and severally for all the amounts due from either one of them. Based on the same writing, in count 10 Denis alleges that Smith is individually liable for that entire amount. Finally, Denis claims in count 11 that pursuant to a separate written instrument, the three defendants are liable for the civil penalty that the IRS imposed on him. After the defendants filed their submissions on the motion (which included their cross-motion for summary judgment on counts 9, 10 and 11), Denis responded that, in his view, there are genuine issues of material fact exist with respect to counts 10 and 11. From this, the court concludes that Denis is not pursuing these two aspects of his motion, which, in its original form sought

---

[1] By statute, a claimant for unpaid wages under 26 M.R.S.A. § 626 is entitled to "a reasonable amount of interest" on the amount of the unpaid wages themselves. Denis argues here that 3% per annum is a reasonable rate and, in his statement of material fact, has set out a range of interest rates for conservative investments in the open market. A rate of 3% is at the lower end of this range. Although they have not expressly agreed to it, the defendants have not contested this argument. Against this backdrop, the court treats the issue as uncontested and adopts the interest rate that the plaintiff proposes.

2

comprehensive relief on all counts of the complaint. Therefore, the following issues remain outstanding:

1) whether any party is entitled to summary judgment on the plaintiff's claim in count 9 that Sunbury and Tinrocks should be held jointly and severally liable for the unpaid wages and other liabilities of the other;

2) whether Smith is entitled to summary judgment on count 10; and

3) whether the defendants are entitled to summary judgment on count 11.

## Count 9

By writing dated July 10, 2003, Smith acknowledged that Denis was owed wages of $122,771.76 and was entitled to reimbursement for an additional $5,805.40 for purchases Denis made for the benefit of one or both corporate defendants. (This represents most of the total amount of reimbursement he seeks for such purchases, noted previously in this order.) The writing also recites that interest on the latter sum was "accruing at the rate of $28% [sic]." Although the defendants admitted Denis' statement of material fact that the interest rate was 28%, *see* plaintiff's statement of material fact (PSMF) at ¶ 16, other parts of the record on summary judgment generate a factual question of whether the parties intended $28 or 28%. *See* defendants' response to PSMF at ¶ 17.

In the July 10 document, Smith wrote, "Both these accounts will be paid by this company or by any company that I might own in the future." Smith signed the statement two weeks after Denis left his employment with Tinrocks, which had followed his employment with Sunbury. In count 9, Denis seeks judgment against Sunbury and Tinrocks jointly and severally for the cumulative amount of their respective liabilities predicated on unpaid wages and the amount of Denis' beneficial purchases noted above.[2]

---

[2] In count 9, Denis also seeks recovery of two additional days of wages ($458.46) and the value of unused vacation time ($2,292.31). It does not appear that he has included these claims in the earlier counts that are asserted against the company for whom he was working at the time.

3

Sunbury and Tinrocks argue that the putative agreement is not enforceable because it was not supported by consideration from Denis.[3] "Every contract requires 'consideration' to support it, and any promise not supported by consideration is unenforceable." *Whitten v. Greeley-Shaw*, 520 A.2d 1307, 1309 (Me. 1987). Here, the record contains a suggestion that Denis deferred any legal action because of the performance promised by Sunbury and Tinrocks in the July 10 agreement. *See* plaintiff's reply to defendants' statement of additional material fact (DSAMF) at ¶ 29.[4] A delay in enforcing legal rights is a form of forbearance. *Shaw v. Philbrick*, 129 Me. 259, 262 (1930). Forbearance from commencing a lawsuit or otherwise asserting one's rights may be a form of consideration. *Whitten*, 520 A.2d at 1310; *see also* RESTATEMENT (SECOND) OF CONTRACTS § 71(3)(b) (1981). *Shaw* may be read to suggest that the fact of forbearance alone does not amount to consideration unless that forbearance was requested by the promisee and promised by the promisor, followed by forbearance in fact. *Shaw*, 129 Me. at 262. One commentator has noted that resort to this legal notion was not uncommon (*Shaw* was decided in 1930) but that it is incorrect. 2 CORBIN ON CONTRACTS § 5.22 at p. 114 (rev. ed. 1995). Rather, forbearance may be implied, and if the circumstances demonstrate that the parties impliedly bargained for forbearance, then consideration exists. *Id.* at pp. 116-18. "There seems to be a strong tendency for a court to find that a forbearance that was actually given was promised in advance by implication. Such a finding may be very reasonable in many cases, but it is not necessary unless the parties made it necessary by so expressing themselves." *Id.* at p. 119-20. Thus, even if *Shaw* still represents good law, it accommodates a finding that an implied agreement of forbearance is sufficient consideration to support enforcement of an agreement.

---

[3] As is noted above, however, neither of these defendants contests its separate liability for unpaid wages and the remedies flowing from that debt.

[4] The record reference supporting Denis's reply to DSAMF ¶ 29 is paragraph 19 of the affidavit he submitted with his original motion. Denis' initial statement of material fact does not refer to this portion of the record. However, because he cited that part of the record in his final submission, the proper record on summary judgment includes that factual proposition.

4

Here, the record does not suggest that the parties expressly bargained for forbearance or that, more importantly, they expressly agreed to forbearance. Consequently, in the context of a motion for summary judgment, the relevant dispositive question is whether the record on summary judgment generates a genuine factual basis on which Denis can argue that he impliedly promised to refrain from asserting his legal rights because of the promises of Sunbury and Tinrocks to perform pursuant to the July 10 writing. The court is satisfied that the record at bar reveals such a factual dispute. Thus, none of the parties is entitled to summary judgment on count 9 of the complaint.

### Count 10

In this count, Denis seeks to have Smith held liable individually for the obligations promised in the July 10 instrument. As is noted above, Denis does not now press his own motion for summary judgment on this claim. Smith, however, has moved for summary judgment in his own right, arguing first that the promises in that writing are not enforceable because they were not supported by consideration, and, second, that the agreement did not create any obligations that Smith was bound to perform individually.

The issue of consideration is addressed in connection with count 9, and the same analysis and conclusion obtain here.

However, even if the July 10 agreement is enforceable, there is no genuine factual basis on which to argue that it renders Smith liable individually. The express and unambiguous terms of the agreement provide that "this company or any company that I [Smith] might own in the future" will pay the amounts stated in the writing. The agreement, however, does not directly or indirectly purport to obligate Smith himself to pay that debt. In his motion, Denis notes that Smith was the majority shareholder of Sunbury and Tinrocks, and in a conclusory way, Denis states that Smith and the companies breached the agreement because Denis was not paid as the agreement provides. Although Denis has not advanced this point, one may argue whether Smith's signature by itself would be sufficient to indicate an agency capacity. *See, e.g., Maine Gas & Appliance, Inc. v. Siegel*, 438 A.2d 888 (Me. 1981). Irrespective of the capacity in which he signed the document, however, the terms of the putative contract themselves do

5

not even arguably render Smith a party to any contract. Thus, Smith is entitled to summary judgment on count 10.

## Count 11

Denis' claim in count 11 is based on Smith's written memorandum dated July 9, 2003 (the day prior to the one that forms the basis for counts 9 and 10), addressing action that the IRS was pursuing against Denis. In the memorandum, Smith wrote, "The company and I, personally have accepted the responsibility for this debt." In count 11, Denis seeks judgment against all three defendants for the amount of a civil penalty that the IRS assessed against him.

As they did in support of their motion for summary judgment on the two preceding counts, the defendants argue that any promises embodied in the July 9 memorandum are unenforceable because they are not supported by consideration. Arguing that the July 10 agreement was supported by consideration, Denis cited a passage in his affidavit as the sole factual basis that he provided that contractual consideration. *See* plaintiff's reply to DSAMF ¶ 29. In that statement of the his affidavit, Denis stated:

> I relied on the promise made to be by Smith in *Exhibit B [the July 10 agreement]* that he would cause his companies to pay my back wages and that the credit card charges paid by me on behalf of defendants would be paid back at the rate of $500 per month beginning July 20, 2003. As a consequence of my reliance, I deferred filing this lawsuit for more than six months, believing that with additional time at least some payments would be made.

Affidavit of Plaintiff in Support of Motion for Summary Judgment at ¶ 19 (emphasis added). Nowhere, however, does Denis state or suggest that he delayed pursuing his claim for relief based on the *July 9* document (as opposed to the separate July 10 document), which is the sole ground for his claim in count 11. Further, Denis does not point to any other aspect of the record on summary judgment as a factual basis for such a contention. Even beyond this, the record does not reveal any other form of consideration that would transform the July 9 document into a legally enforceable contract. Therefore, although there does exist a factual dispute about whether the defendants agreed to pay the civil penalty or simply the withholding tax that, because it was not paid, led to the

imposition of that civil penalty, the record on summary judgment does not provide the basis for a genuine factual argument that the promise is enforceable in the first place. Therefore, the defendants are entitled to summary judgment on this claim.

The entry shall be:

For the foregoing reasons, the plaintiff's motion and the defendants' cross-motion for summary judgment are granted in part and denied in part, as follows.

On count 1, judgment is entered for the plaintiff and against defendant Sunbury in the amount of $260,008.77 (representing unpaid wages of $86,669.59, plus double liquidated damages). The plaintiff is awarded interest at the annual rate of 3.00% on the amounts of unpaid wages as they became due. As of September 15, 2004, interest amounted to $7,433.41. Additional interest shall continue to accrue at the same rate and shall be calculated on $86,669.59, from September 15, 2004 forward. The plaintiff is awarded reasonable attorney's fees and his costs of court, to be determined pursuant to applicable statutory and rule provisions when a final judgment in this matter is entered.

On counts 2, 3 and 4, the plaintiff's motion for summary judgment is denied. It shall be established, however, that defendant Sunbury is liable to the plaintiff on these counts, that the amount of judgment shall include the sum of $86,669.59 for unpaid wages and the sum of $6,154.28 for expenses paid by the plaintiff on Sunbury's behalf. There remains an outstanding issue of whether Sunbury is also liable for 28% interest on $5,805.40 of those bills.

On count 5, judgment is entered for the plaintiff and against defendant Tinrocks in the amount of $116,558.82 (representing unpaid wages of $38,852.94, plus double liquidated damages). The plaintiff is awarded interest at the annual rate of 3.00% on the amounts of unpaid wages as they became due. As of September 15, 2004, interest amounted to $1,843.70. Additional interest shall continue to accrue at the same rate and shall be calculated on $38,852.94, from September 15, 2004 forward. The plaintiff is awarded reasonable attorney's fees and his costs of court, to be determined pursuant to applicable statutory and rule provisions when a final judgment in this matter is entered.

On counts 6, 7 and 8, judgment is entered for the plaintiff and against defendant Tinrocks in the amount of $38,852.94. This liability, however, is already covered by the judgment entered for the plaintiff on count 5.

On counts 9, the parties' motions for summary judgment are denied.

On count 10, judgment is entered for defendant Smith. Upon entry of a final judgment in this case, Smith will be awarded his costs of court.

On count 11, judgment is entered for the defendants.

7

Dated: January 28, 2005

_____
Justice, Maine Superior Court

**FILED &
ENTERED**

FEB 0 1 2005

**SUPERIOR COURT
HANCOCK COUNTY**